# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00523-CR
NO. 03-18-00524-CR

**Bryant Edward Dulin, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE 424TH DISTRICT COURT OF BURNET COUNTY**
**NOS. 46489, 46491, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING**

## O P I N I O N

A jury found appellant Bryant Edward Dulin guilty of one count of indecency with a child, nine counts of aggravated sexual assault of a child, one count of continuous sexual abuse of a child under the age of 14, and one count of "super" aggravated sexual assault of a child. The jury assessed punishment at 20 years' imprisonment and a $5,000 fine for the count of indecency with a child, 60 years' imprisonment and a $5,000 fine for each count of aggravated sexual assault of a child, 50 years' imprisonment for the count of continuous sexual abuse of a child under the age of 14, and 35 years' imprisonment and a $5,000 fine for the count of "super" aggravated sexual assault. The trial court sentenced Dulin in accordance with the jury's verdicts. The judgment for the count of indecency with a child assesses court costs of $589, and the judgment for "super" aggravated sexual assault of a child assesses court costs of $639.

In two appellate issues, Dulin contends that the time payment fee assessed against him must be reduced because a portion of it is unconstitutional and that duplicative court costs must be deleted.[1] We will modify the judgments of convictions to reduce the time payment fee and delete duplicative court costs and affirm the convictions as modified.

**Time Payment Fee**

In his first appellate issue, Dulin contends that the $25 time payment fee assessed against him should be reduced by $22.50 because 90% of the fee is facially unconstitutional.[2] "A facial challenge is an attack on the statute itself as opposed to a particular application." *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017). "Except when First Amendment freedoms are involved, a facial challenge to a statute is a challenge to the statute in all of its applications." *Id.* "Whether a statute is facially constitutional is a question of law that we review *de novo*." *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

---

[1] We note that Dulin may challenge the imposition of court costs for the first time on appeal. *See Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *Llorens v. State*, 520 S.W.3d 129, 143 (Tex. App.—Austin 2017, pet. ref'd).

[2] The State argues that we should not reach Dulin's constitutional challenge because the trial court prematurely assessed the time payment fee. According to the State, "the fee remains statutorily unauthorized to this day since the record is devoid of any indication that Appellant has '[paid] any part of a fine, court costs or restitution on or after the 31st day after the date on which [the] judgment [was] entered,' the statutory condition precedent to the imposition of the fee." *See* Tex. Loc. Gov't Code § 133.103(a)(2). However, although it may have been premature for the trial court to assess the time payment fee before the 31st day after the judgment was entered, more than 30 days have now elapsed since the date of the judgment, and nothing in the record before us indicates that Dulin has paid all his fines and costs. Accordingly, we decline to follow the State's recommendation of striking the time payment fee from the judgments. *See Edwards v. State*, No. 06-17-00009-CR, 2017 WL 3255255, at *2 (Tex. App.—Texarkana Aug. 1, 2017, no pet.) (mem. op., not designated for publication) (rejecting appellant's argument that the time payment fee could not be assessed against him because it was prematurely imposed); *Davis v. State*, No. 04-13-00413-CR, 2013 WL 5950128, at *1 (Tex. App.—San Antonio Nov. 6, 2013, no pet.) (mem. op., not designated for publication) (same).

The time payment fee is mandated by statute. The Local Government Code provides:

> (a) A person convicted of an offense shall pay, in addition to all other costs, a fee of $25 if the person:
>
> > (1) has been convicted of a felony or misdemeanor; and
> >
> > (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution.
>
> (b) Except as provided by Subsection (c-1), the treasurer shall send 50 percent of the fees collected under this section to the comptroller. The comptroller shall deposit the fees received to the credit of the general revenue fund.
>
> (c) Except as provided by Subsection (c-1), the treasurer shall deposit 10 percent of the fees collected under this section in the general fund of the county or municipality for the purpose of improving the efficiency of the administration of justice in the county or municipality. The county or municipality shall prioritize the needs of the judicial officer who collected the fees when making expenditures under this subsection and use the money deposited to provide for those needs.
>
> . . . .
>
> (d) The treasurer shall deposit the remainder of the fees collected under this section in the general revenue account of the county or municipality.

Tex. Loc. Gov't Code § 133.103.

Although Dulin does not challenge the constitutionality of subsection (c), he argues that subsections (b) and (d) violate the separation of powers found in the Texas Constitution. *See* Tex. Const. art. II, § 1 (providing that no branch of government "shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted"). Dulin relies on *Johnson v. State*, 573 S.W.3d 328 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). In *Johnson*, our sister court applied the distinction articulated by the Texas Court of Criminal Appeals in *Salinas v. State* between a permissible court cost, which is "used for

3

something that is a legitimate criminal justice purpose," and an unconstitutional tax, which is not. *See id.* at 340 (citing *Salinas*, 523 S.W.3d at 109 n.26). The *Johnson* court thus "look[ed] to whether section 133.103 directs that the funds be used for something that is a legitimate criminal justice purpose." *Id.* Because it concluded that the portions of the time payment fee authorized by subsections (b) and (d) are "general revenue not sufficiently related to a legitimate criminal justice purpose," the court held subsections (b) and (d) facially unconstitutional and reduced the appellant's time payment fee from $25 to $2.50. *Id.* Another of our sister courts recently agreed with the *Johnson* court and held that subsections (b) and (d) are facially unconstitutional. *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *5 (Tex. App.—Eastland July 11, 2019, no pet. h.) (mem. op., not designated for publication).

We conclude that the *Johnson* court correctly applied the constitutional analysis of *Salinas*. We therefore join the Fourteenth Court of Appeals and the Eleventh Court of Appeals in holding that subsections (b) and (d) of Texas Local Government Code section 133.103 are facially unconstitutional because they violate the separation of powers embodied in article II, section 1 of the Texas Constitution. Accordingly, we sustain Dulin's first appellate issue.[3]

**Duplicative Court Costs**

In his second point of error, Dulin contends that the trial court should not have assessed the same court costs against him in both cause numbers because he was convicted of

---

[3] The Texas Legislature has passed legislation, effective January 1, 2020, that deletes subsections (c) and (d) from section 133.103 and revises subsection (b) to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54 (transferring Tex. Loc. Gov't Code § 133.103 to Tex. Code Crim. Proc. art. 102.030).

two offenses in a single criminal action. The State concedes that "each authorized court cost should have been assessed against Appellant only once." We agree. *See* Tex. Code of Crim. Proc. art. 102.073(a) ("In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.").

Dulin states that "[i]t is a matter of indifference which judgment retains the court costs." The State, while declaring that the decision is arbitrary, recommends deleting the duplicative costs from the judgment in count I of cause number 46489 "since that judgment reflects a conviction for the second degree felony offense of indecency with a child, a less serious offense than the offense reflected in the judgment for count I of cause number 46491." Under Texas Code of Criminal Procedure article 102.073(b), "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." Here, both causes have the same category of offense for the purpose of determining fees. Only the $100 Child Abuse Prevention Fee is tied to the category of offense, and the trial court could have assessed it under either cause under Texas Code of Criminal Procedure article 102.0186(a). We therefore see no reason not to follow the State's recommendation. Accordingly, we sustain Dulin's second appellate issue and will modify the judgment in count I of cause number 46489 to delete the duplicative court costs.

**CONCLUSION**

Having sustained Dulin's two appellate issues, we hold that subsections (b) and (d) of Texas Local Government Code section 133.103 are facially unconstitutional. We modify

5

the judgment in cause number 46491 to reduce the time payment fee from $25 to $2.50. We also modify the judgment in count I of cause number 46489 to delete the duplicative court costs. After deleting the duplicative costs, the judgment in count I of cause number 46489 should retain a warrant fee of $40 and a warrant fee of $10. We affirm the judgments as modified.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Modified and, as Modified, Affirmed

Filed:   August 14, 2019

Publish