

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00334-CR

**MOSES C. LEE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2017-549-C2**

## MEMORANDUM OPINION

Appellant Moses C. Lee was found guilty by a jury of the offense of assault family violence by occlusion. Lee entered a plea of "true" to an enhancement allegation. The jury assessed Lee's punishment at eighteen years' incarceration. Lee appeals his conviction and sentence. We affirm the trial court's judgment as modified.

### I. *Anders* Brief

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel has filed a brief and a motion

to withdraw with this Court, stating that his review of the record yielded no reversible error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) provided appellant with a copy of the record and informed him of his right to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Appellant has not filed a *pro se* response in this matter.

---

[1] Given counsel's assertion that he has "furnished Appellant with a copy of the *Anders* brief and the appellate record . . . and . . . informed Appellant of the right to file a *pro se* brief or response" and the fact that appellant has not filed a request for the appellate record, we have fair assurance that appellate counsel has complied with the Court of Criminal Appeals's decision in *Kelly v. State*. *See* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

## II. Independent Review

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record and counsel's brief and have not found reversible error in this matter. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. However, there is non-reversible error in the judgment regarding court costs.

In his *Anders* brief, appellate counsel argues that we should modify the judgment to delete $22.50 of the court costs assessed against appellant because section 133.103(b) and (d) of the Local Government Code is unconstitutional. In *Simmons v. State*, this Court held that section 133.103(b) and (d) is facially unconstitutional because the collected funds are sent into a general-revenue fund and are not sufficiently related to the criminal-justice system or a legitimate criminal-justice purpose. No. 10-18-00269-CR, ___ S.W.3d ___, 2019 Tex. App. LEXIS ____ * __ (Tex. App.—Waco Nov. 27, 2019, no pet. h.) (citing *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed)). *In accord Dulin v. State*, 583 S.W.3d 351, 354 (Tex. App.—Austin, pet. filed); *Kremplewski v. State*, No. 01-19-00033-CR, ___ S.W.3d. ___, 2019 Tex. App. LEXIS 6919, at **5-8 (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, pet. filed); *King v. State*, No. 11-17-00179-CR, 2019 Tex.

App. LEXIS 5902, at \*\*13-14 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication)). Based on our precedent, abatement to the trial court for the appointment of new counsel is not required. *See Ferguson v. State*, 435 S.W.3d 291, 293-94 (Tex. App.—Waco 2014, pet. dism'd). Because this error does not impact the determination of guilt or punishment and, therefore, does not result in a reversal of either judgment, we may modify the judgment to correct the erroneous assessment of $22.50 in court costs. *Id.* Accordingly, we modify the judgment to delete $22.50 from the court costs imposed and affirm the trial court's judgment as modified.

### III. Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in this case. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Notwithstanding counsel's discharge, within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary

review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed December 31, 2019
Do not publish
[CR25]



---

[2] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See id.* at R. 68.3.  Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.