

# IN THE
## TENTH COURT OF APPEALS

### No. 10-18-00352-CR

**TOMETHEUS LEE BRYANT,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 14397-A**

## MEMORANDUM OPINION

Appellant Tometheus Lee Bryant was found guilty by a jury of the offense of assault on a family/household member with a previous conviction. Bryant waived his right to have the jury assess his punishment, and the trial court sentenced him to eight years' incarceration. Bryant appeals his conviction and sentence. We affirm the trial court's judgment as modified.

# I. *Anders* Brief

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no reversible error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Appellant; and (3) informed Appellant of his right to review the record and to file a *pro se* response.[1]

---

[1] Given counsel's assertion that he has "furnished Appellant with a copy of the *Anders* brief and the appellate record . . . and . . . informed Appellant of the right to file a *pro se* brief or response" and the fact that appellant has not filed a request for the appellate record, we have fair assurance that appellate counsel has complied with the Court of Criminal Appeals's decision in *Kelly v. State*. *See* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

*See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also Schulman*, 252 S.W.3d at 409 n.23.

Appellant has responded to the *Anders* brief and asserts that there are issues that should be addressed on appeal. Appellant argues that his conviction was improper because the State failed to provide exculpatory evidence and because the State's witnesses were not believable. Appellant specifically complains that the investigating officer did not take photographs of an injury to Appellant's hand that Appellant told him was caused by the victim or of the key chain that Appellant alleged caused the injury. Appellant additionally complains that the officer did not take a statement from him regarding the injury to his hand or the events leading to his arrest. Appellant also asserts that one of the witnesses talked about Appellant's innocence when she came to visit Appellant at the Limestone County Jail and that those recorded conversations were not submitted into evidence. He also asserts that the air pump that the victim claimed he threw at her was never fingerprinted or submitted into evidence. Appellant further complains that the State did not analyze the combination of medications that the victim was taking and have that data submitted into evidence. Appellant also contends that the State withheld a witness's mental health record. Appellant finally asserts that the victim has a criminal record and that other witnesses who testified for the prosecution have a "history of proven dishonest acts" that were not provided to him.

Appellant did not raise a *Brady* violation before the trial court. The failure to do so precludes appellate review. TEX. R. APP. P. 33.1; *Pena v. State*, 353 S.W.3d 797, 807 (Tex.

Crim. App. 2011). Even if Appellant's issues are preserved for review, they are without merit.

Prosecutors have an affirmative duty to turn over material, favorable evidence to the defense. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). The duty to disclose encompasses impeachment evidence as well as exculpatory evidence. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). The first step in establishing a *Brady* violation is for a defendant to show that the State failed to disclose evidence which was known to the prosecution but was unknown to the defense. *Ex parte Miles*, 359 S.W.3d 647, 665 (Tex. Crim. App. 2012). The prosecution is not required to disclose exculpatory information that the State does not have in its possession and that is not known to exist. *Harm v. State*, 183 S.W.3d 403, 407 (Tex. Crim. App. 2006). Nor is the State required "to seek out exculpatory evidence independently on appellant's behalf, or furnish appellant with exculpatory or mitigating evidence that is fully accessible to appellant from other sources." *Id*.

The majority of the evidence identified by Appellant was disclosed to the defense prior to trial. Appellant's attorney signed for a List of Released Discovery on May 18, 2018. The discovery included offense reports, two in-car videos, photographs, the victim's statement, dispatch call notes and 9-1-1 call recording, and related radio communications. Subsequent deliveries to the defense consisted of a CD of jail calls, letters by appellant to the prosecutor, paperwork related to prior convictions, another CD of appellant's jail phone calls, photographs of the victim's apartment, and an apartment

complex diagram. The State also gave Notice of Criminal History of all of the witnesses who testified for the State prior to trial.

Appellant provides nothing to indicate that either the mental health records of one witness or a "history of proven dishonest acts" attributed to some of the witnesses was information that was in the prosecution's possession or that was inaccessible to appellant from other sources. Further, the State had no duty to photograph appellant's injury or to fingerprint the air pump. Finally, the remainder of appellant's claims were issues related to the credibility of the witnesses who testified, including appellant. By its verdict, the jury found the victim's testimony of the events that occurred more credible than appellant's.

## II. Independent Review

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 350, 102 L.Ed.2d 300 (1988). We have reviewed the entire record, counsel's brief, and appellant's *pro se* response and have not found reversible error in this matter. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. However, there is non-reversible error in the judgment regarding court costs.

In his *Anders* brief, appellate counsel argues that we should modify the judgment to delete $22.50 of the court costs assessed against appellant because section 133.103(b) and (d) of the Local Government Code is unconstitutional. In *Simmons v. State*, this Court held that section 133.103(b) and (d) is facially unconstitutional because the collected funds are sent into a general-revenue fund and are not sufficiently related to the criminal-justice system or a legitimate criminal-justice purpose. No. 10-18-00269-CR, ___ S.W.3d ___, 2019 Tex. App. LEXIS ____ * __ (Tex. App.—Waco Nov. 27, 2019, no pet. h.) (citing *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). *In accord Dulin v. State*, 583 S.W.3d 351, 354 (Tex. App.—Austin Aug. 14, 2019, pet. filed); *Kremplewski v. State*, No. 01-19-00033-CR, ___ S.W.3d. ___, 2019 Tex. App. LEXIS 6919, at **5-8 (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, pet. filed); *King v. State*, No. 11-17-00179-CR, 2019 Tex. App. LEXIS 5902, at **13-14 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication)). Based on our precedent, abatement to the trial court for the appointment of new counsel is not required. *See Ferguson v. State*, 435 S.W.3d 291, 293-94 (Tex. App.—Waco 2014, pet. dism'd). Because this error does not impact the determination of guilt or punishment and, therefore, does not result in a reversal of the judgment, we may modify the judgment to correct the erroneous assessment of $22.50 in court costs. *Id.* Accordingly, we modify the judgment to delete $22.50 from the court costs imposed and affirm the trial court's judgment as modified.

### III. Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in this case. *See Anders*, 386 U.S. at 744, 87 S. Ct. at

1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Notwithstanding counsel's discharge, within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


REX D. DAVIS
Justice

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed January 8, 2020
Do not publish
[CR25]

