**Affirmed as modified; Opinion Filed January 22, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00136-CR

### GEORGE OVALLE, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F1858862-R**

## OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Reichek

George Ovalle appeals from the trial court's judgment convicting him of aggravated assault with a deadly weapon. Bringing two issues, appellant contends the judgment should be reformed to reflect there was no plea bargain agreement and a portion of the time payment fee assessed against him as court costs should be deleted as unconstitutional. With respect to the first issue, we agree, and the State does not dispute, that the judgment should be reformed to show appellant did not plead guilty with the benefit of a plea bargain agreement. As to the second issue, we conclude the portion of the time payment fee challenged by appellant is facially unconstitutional. Accordingly, we modify the trial court's judgment to reflect that appellant entered an open plea of guilty and to delete a portion of the court costs. We affirm the judgment as modified.

Appellant was indicted for aggravated assault with a deadly weapon after he stabbed his neighbor multiple times with a knife. Appellant signed a judicial confession, waived his right to a jury trial, and entered an open plea of guilty to the offense. At the beginning of the plea hearing, the trial judge confirmed with appellant that he was pleading guilty without a plea bargain agreement and admonished him that punishment could be set anywhere within the range provided by law. Appellant acknowledged he understood. After further admonishing appellant, and hearing testimony from both appellant and the victim's aunt, the trial court accepted appellant's plea, made an affirmative deadly weapon finding, and sentenced appellant to eight years in prison.

The judgment signed by the trial court indicates that appellant was sentenced pursuant to a plea bargain agreement. In the space provided for "Terms of Plea Bargain," the judgment states "8 YEARS TDCJ." In his first issue, appellant contends the judgment should be corrected to show he pleaded guilty without a plea bargain agreement. The State agrees. We have the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

In this case, although appellant signed a document entitled "Plea Agreement," the substance of that document shows appellant intended to enter an open plea of guilty. This was confirmed by the trial court at the beginning of the plea hearing. Because the record affirmatively shows that appellant did not have a plea bargain agreement when he pleaded guilty, we reform the judgment to delete the phrase "8 YEARS TDCJ" in the space provided for "Terms of Plea Bargain" and modify it to state "OPEN PLEA."

In his second issue, appellant contends that part of a fee assessed against him as court costs should be deleted as facially unconstitutional. A facial challenge is an attack on the statute itself as opposed to a particular application. *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App.

2017). "Except when First Amendment freedoms are involved, a facial challenge to a statute is a challenge to the statute in all of its applications." *Id.* Whether a statute is facially unconstitutional is a question of law that we review *de novo. Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

Although the trial court pronounced appellant's sentence at the conclusion of the plea hearing, it did not impose court costs at that time. The written final judgment assessed only a total amount of court costs. An itemized list of costs was not generated until several days later. One month after the first itemized bill was generated, a second itemized bill of costs was created showing a $25 fee labeled "IP PLN . . . BATCH 31 DAY FEES." It is undisputed that this $25 fee is for an "installment plan" or time payment fee pursuant to section 133.103 of the Texas Local Government Code. *See Velasquez v. State*, No. 05-17-01214-CR, 2018 WL 6065257, at *4 (Tex. App.—Dallas Nov. 20, 2018, no pet.) (mem. op., not designated for publication).

Section 133.103 imposes a $25 fee if a person convicted of a felony or misdemeanor pays any part of a fine, court costs, or restitution on or after the thirty-first day after the date on which the judgment assessing the fine, costs, or restitution is entered. TEX. LOC. GOV'T CODE ANN. § 133.103. The statute directs the treasurer to allocate the $25 collected fee in three ways: subsection (b) directs that 50% is to be sent to the comptroller for deposit in the general revenue fund; subsection (c) states that 10% is to be deposited in the general fund of the county or municipality "for the purpose of improving the efficiency of the administration of justice in the county or municipality"; and subsection (d) states the remaining fees (40%) are to be deposited in the general revenue account of the county or municipality. *See id.* § (b)–(d).

Appellant does not challenge the 10% of the time payment fee that is directed to the general fund of the county or municipality "for the purpose of improving the efficiency of the administration of justice in the county or municipality." Rather, he challenges the remaining 90%

of the fee directed to general funds by subsections (b) and (d) arguing that this portion of the fee is not being collected for a legitimate criminal purpose and violates the separation of powers provision of the Texas Constitution.[1]

The State first responds that we should not reach appellant's constitutional challenge because he waived the issue by failing to object in the trial court below. We disagree. The court cost being challenged was not imposed in open court or itemized in the initial judgment. An itemized bill of costs did not show the fee until one month after the judgment was signed. Accordingly, appellant did not have the opportunity to challenge the fee in the trial court and may raise the issue for the first time on appeal. *See Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *Dulin v. State*, 583 S.W.3d 351, 352 n.1 (Tex. App.—Austin 2019, pet. filed).

With respect to the constitutionality of subsections (b) and (d) of section 133.103, this same issue has been addressed by several of our sister courts. In *Johnson v. State*, the 14th district court of appeals applied the distinction set out by the Texas Supreme Court in *Salinas v. State* between a permissible court cost, which is "used for a legitimate criminal justice purpose," and an unconstitutional tax, which is not. *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). As stated in *Salinas*, if a statute turns the courts into tax gatherers, then the statute impermissibly delegates to the courts a power more properly attached to the executive branch. *See Salinas*, 523 S.W.3d at 107. The *Johnson* court concluded that, because the portions of the time payment fee authorized by subsections (b) and (d) were deposited in

---

[1] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code section 133.103 to Texas Code of Criminal Procedure article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id*. § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *Id*.

general revenue and were not sufficiently allocated to administration of our criminal justice system, those subsections were facially unconstitutional as violating the separation-of-powers provision of the Texas Constitution. *Johnson*, 573 S.W.3d at 340. Consequently, the court reduced the appellant's time payment fee from $25 to $2.50. *Id*.

Several of our sister courts have since followed *Johnson*'s reasoning and also concluded subsections (b) and (d) are unconstitutional. *See Simmons v. State*, No. 10-18-00269-CR, 2019 WL 6464999, at *7 (Tex. App.—Waco Nov. 27, 2019, pet. filed); *Townsend v. State*, No. 13-18-00049-CR, 2019 WL 6205470, at *8 (Tex. App.—Corpus Christi–Edinburg Nov. 21, 2019, pet.filed) (mem. op. not designated for publication); *Dulin*, 583 S.W.3d at 353; *Kremplewski v. State*, No. 01-19-00033-CR, 2019 WL 3720627, at *2 (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, pet. filed); *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *5–6 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication). We likewise adopt the reasoning in *Johnson* and conclude subsections (b) and (d) of section 133.103 are facially unconstitutional. We therefore sustain appellant's second issue.

Based on the foregoing, we reform the trial court's judgment to delete the phrase "8 YEARS TDCJ" in the space provided for "Terms of Plea Bargain," and modify it to state "OPEN PLEA." We further modify the judgment to reduce the total amount of court costs by $22.50 to reflect the reduction in the time payment fee. As modified, we affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Publish
TEX. R. APP. P. 47.2(b)
190136F.P05

–5–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GEORGE OVALLE, Appellant

No. 05-19-00136-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1858862-R.
Opinion delivered by Justice Reichek. Justices Pedersen, III and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:  The phrase "8 YEARS TDJC" in the space provided for "Terms of Plea Bargain" is **DELETED** and **REPLACED** with the words "OPEN PLEA."  The judgment is further **MODIFIED** to reduce the total amount of court costs by $22.50 to reflect the reduction in the time payment fee from $25 to $2.50.

As **REFORMED**, the judgment is **AFFIRMED**.


Judgment entered this 22nd day of January, 2020.