

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00333-CR
### No. 10-17-00334-CR

**TIO JACKSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 220th District Court
### Hamilton County, Texas
### Trial Court Nos. CR08282 and CR08283

## MEMORANDUM OPINION

Appellant Tio Jackson entered open pleas of guilty to two offenses: (1) theft of a firearm, in Trial Court Number CR08282; and (2) aggravated assault with a deadly weapon, in Trial Court Number CR08283.[1] Jackson also entered pleas of true in each case to two prior felony convictions. The trial court sentenced Jackson to ten years'

---

[1] Jackson additionally entered a plea of guilty to the offense of unauthorized use of a motor vehicle in Trial Court Number 08284, but he is not appealing the sentence in that case.

incarceration in Trial Court Number CR08282 and to twenty-five years' incarceration in Trial Court Number CR08283. The sentences were ordered to be served concurrently.

The trial court additionally imposed a fine of $1,000 in Trial Court Number CR08282, but no fine was imposed in Trial Court Number CR08283. The trial court additionally imposed court costs in both cases--$249.00 in Trial Court Number CR08282 and $299.00 in Trial Court Number CR08283. Sentence was imposed in both cases on July 19, 2017, but the bill of costs for each case was not prepared until December 17, 2017. Jackson's appeals challenge the court costs imposed in both Trial Court Numbers CR08282 and CR08283.

We affirm the judgments and sentences in Trial Court Number CR08282 and Trial Court Number CR08283. We modify the judgments in both cases to reflect the appropriate amount of costs to be assessed Jackson and to correct errors included in both judgments.

*Issues*

In his first issue, Jackson contests the facial constitutionality of the court costs that were imposed as part of his sentence. Jackson asserts that the costs constitute a violation of the separation of powers provision in the Texas Constitution. In his second issue, Jackson asserts that the trial court erred in imposing costs in both convictions because he was convicted of all offenses in a single criminal action. In his third issue, Jackson argues that the judgments erroneously note that there were plea bargain agreements.

The State concedes that the judgments in both cases should be reformed to reflect that no plea bargains were entered in either case and that costs should be assessed in only

one case. The State does not challenge the timing or propriety of Jackson's appeal of the bills of costs.[2] Therefore, the only issue before this Court is whether the statutes authorizing the collection of various fees are facially constitutional.

*Discussion*

A. Costs Challenged. Jackson specifically challenges the following costs:[3]

1.  a $40 "criminal basic clerk fee," authorized under article 102.004 of the Code of Criminal Procedure;

2.  a $2 "criminal juror reimbursement fund" fee, authorized under article 102.005(a) of the Code of Criminal Procedure;

3.  a $2 "criminal indigent defense fund" fee, authorized under § 133.107 of the Government Code; and

4.  a $25 "time payment" fee, authorized under § 133.103(a)(1)-(2) of the Local Government Code.[4]

B. Standard of Review and Applicable Law. Because Jackson challenges the constitutionality of various articles in the Code of Criminal Procedure and sections in the Texas Local Government Code, he bears the burden of establishing each statute's

---

[2] A defendant may raise an objection to the assessment of court costs for the first time on appeal when the costs are not imposed in open court and the judgment does not contain an itemization of the imposed court costs, as in this case. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016).

[3] Jackson was additionally assessed a $50 DNA fee in case number CR08283, but he does not challenge that fee.

[4] Effective January 1, 2020, § 133.103 of the Local Government Code has been transferred to article 102.030 of the Code of Criminal Procedure. The Legislature additionally revised the statute to provide that all of the fees collected under that section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* at § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *Id.*

unconstitutionality. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015) (citing *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978)).

When considering a statute's constitutionality, we begin with the presumption that the statute is valid. *Id.*; *see also* Tex. Gov't Code § 311.021 ("In enacting a statute, it is presumed that . . . compliance with the constitutions of this state and the United States is intended[.]"). From there, we "seek to interpret [the] statute such that its constitutionality is supported and upheld[,]" and we "must make every reasonable presumption in favor of [its] constitutionality, unless the contrary is clearly shown." *Peraza*, 467 S.W.3d at 514 (citing *Luquis v. State*, 72 S.W.3d 355, 365 n.26 (Tex. Crim. App. 2002); *Granviel*, 561 S.W.2d at 511).

With the statute's presumed constitutionality, Appellant already faces a high burden. But because Appellant has launched a facial challenge, he bears an even greater burden. "'A facial challenge is an attack on a statute itself as opposed to a particular application.'" *Id.* (quoting *City of Los Angeles v. Patel*, ––– U.S. ––––, 135 S. Ct. 2443, 2449, 192 L.Ed.2d 435 (2015)); *Salinas*, 523 S.W.3d at 106. Such a challenge requires Appellant to establish that "no set of circumstances exists under which [the] statute would be valid." *Peraza*, 467 S.W.3d at 514; *see also State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013) ("[T]o prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances."). Thus, if there is any possible constitutional application of the statute, then Appellant's facial challenge fails. *Peraza*, 467 S.W.3d at 515-16. Given this high burden, a facial challenge is "the most difficult challenge to mount successfully." *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).

Appellant's facial challenge is rooted in the separation of powers provision of the Texas Constitution. Tex. Const. art. II, § 1. This provision expressly guarantees that our three branches of government—legislative, executive, and judicial—are separate and distinct branches, "and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others" unless expressly permitted in the Constitution. *Id.* "This division ensures that power granted one branch may be exercised by only that branch, to the exclusion of the others." *Ex parte Lo*, 424 S.W.3d 10, 28 (Tex. Crim. App. 2013) (op. on State's motion for reh'g). One way the separation of powers provision is violated is when "one branch of government assumes or is delegated a power 'more properly attached' to another branch." *Id.* (quoting *Ex parte Gill*, 413 S.W.3d 425, 431-32 (Tex. Crim. App. 2013)).

*Allen v. State*, --- S.W.3d ---, No. PD-1042-18, 2019 WL 6139077, at *3–4 (Tex. Crim. App.

Nov. 20, 2019) (footnotes omitted).[5]

> Two types of constitutionally-permissible court costs have been recognized:
>
> (1) those that reimburse criminal justice expenses incurred in connection with the defendant's particular criminal prosecution, and (2) those that are to be expended to offset future criminal justice costs.

*Id*. at *6.

C.  Application of Law to Specific Fees.  Except for the time payment fee under §

133.103, the fees identified by Jackson have been upheld as facially constitutional by one

or more of our coordinate courts.  *See Johnson v. State*, 573 S.W.3d 328 (Tex. App.—

Houston [14th Dist.] 2019, pet. filed) (clerk's fee, jury fee, and indigent defense fee); *see

also Townsend v. State*, No. 13-18-00049-CR, 2019 WL 6205470 (Tex. App.—Corpus Christi

Nov. 21, 2019, pet. filed) (mem. op., not designated for publication) (clerk's fee, jury fee,

and indigent defense fee);[6] *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513 (Tex.

App.—Eastland July 1, 2019, pet. filed) (mem. op., not designated for publication) (clerk's

fee, jury fee, indigent defense fee); *Thornton v. State*, No. 05-17-00220-CR, 2018 WL

2773390 (Tex. App.—Dallas, June 11, 2018, no pet.) (mem. op., not designated for

---

[5] Although not yet released in the permanent law reports, the Court of Criminal Appeals has recently vacated an opinion from the First Court of Appeals and remanded it for further review in light of the *Allen* opinion.  *See Hernandez v. State*, No. PD-0036-19, 2020 WL 220021, at *1 (Tex. Crim. App. 2019) (opinion, not designated for publication) (*per curiam*).

[6] Under Rule 47.7(a) of the Rules of Appellate Procedure, unpublished memorandum opinions not designated for publication have no precedential value but may be cited with the notation, "(not designated for publication)."  Unpublished memorandum opinions are persuasive rather than binding precedent that the court may follow or reject.  *See Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

publication) (clerk's fee).  We agree with the reasoning from our coordinate courts and find that the clerk's fee, jury fee, and indigent defense fee pass constitutional muster.

Jackson argues that a report from the comptroller's website and a study from the Office of Court Administration reflect the final destination for the various fees.  However, we may only look to the specific statute to determine the intended use of the funds, "not whether they are actually used for a criminal justice purpose."  *Salinas v. State*, 523 S.W.3d 103, 107 (Tex. Crim. App. 2017); *see Townsend*, 2019 WL 6205470, at * 6; *see also King*, 2019 WL 3023513 at * 3.

As to Jackson's arguments regarding the time payment fee, we have recently held that only 10% of this fee under § 133.103 is allocated to a legitimate criminal justice purpose.  *See Simmons v. State*, --- S.W.3d ---, No. 10-18-00269-CR, 2019 WL 6464999 (Tex. App.—Waco 2019, pet. filed).  Our coordinate courts have held accordingly.

> *See Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed); *see also Dulin v. State*, 583 S.W.3d 351, 353-54 (Tex. App.—Austin 2019, pet. filed); *Kremplewski v. State*, No. 01-19-00033-CR, --- S.W.3d ----, ----, 2019 WL 3720627 at **2-4, 2019 Tex. App. LEXIS 6919 at **5-8 (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, pet. filed); *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513 at **5-6, 2019 Tex. App. LEXIS 5902 at **13-14 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication).  These courts noted that the time-payment fee is simply a late fee that does not reimburse the county or State for expenses incurred in connection with the defendant's criminal trial or criminal resources generally.  *See Johnson*, 573 S.W.3d at 340; *see also Dulin*, 583 S.W.3d at 353; *Kremplewski*, --- S.W.3d at ----, 2019 WL 3720627, at **2-3, 2019 Tex. App. LEXIS 6919, at **5-7; *King*, 2019 WL 3023513, at *5, 2019 Tex. App. LEXIS 5902, at *13.  Additionally, they concluded that subsections (b) and (d) do not direct funds to be used for legitimate criminal-justice purposes; rather, the subsections direct collected funds into a general revenue fund without limitation or restriction.  *See Johnson*, 573 S.W.3d at 340; *see also Dulin*, 583 S.W.3d at 353; *Kremplewski*, --- S.W.3d at ----, 2019 WL 3720627, at **2-3, 2019 Tex. App. LEXIS 6919, at **5-7; *King*, 2019 WL

3023513 at \*5, 2019 Tex. App. LEXIS 5902, at \*13. Because the collected funds are sent into a general-revenue fund and are not sufficiently related to the criminal-justice system or a legitimate criminal-justice purpose, these courts concluded that subsections (b) and (d) are unconstitutional. *See Johnson*, 573 S.W.3d at 340; *Salinas v. State*, 523 S.W.3d 103, 109 n.26 (Tex. Crim. App. 2017) ("Because the constitutional infirmity in this case is the statute's failure to direct the funds to be used in a manner that would make it a court cost (i.e., for something that is a criminal justice purpose), the statute operates unconstitutionally every time the fee is collected, making the statute unconstitutional on its face."); *see also Dulin*, 583 S.W.3d at 353; *Kremplewski*, ––– S.W.3d at ––––, 2019 WL 3720627, at \*\*2-3, 2019 Tex. App. LEXIS 6919, at \*\*5-7; *King*, 2019 WL 3023513, at \*5, 2019 Tex. App. LEXIS 5902, at \*13.

> We agree with our coordinate courts and adopt their reasoning herein. Accordingly, we conclude that section 133.103(b) and (d) are facially unconstitutional. Furthermore, our holding does not apply to section 133.103(c), which allocated ten percent of the fee to the general fund of the county or municipality to be expended for the purpose of improving the efficiency of the administration of justice in the county or municipality. *See Johnson*, 573 S.W.3d at 340; *see also Dulin*, 583 S.W.3d at 353-54; *Kremplewski*, ––– S.W.3d at ––––, 2019 WL 3720627, at \*\*2-4, 2019 Tex. App. LEXIS 6919, at \*\*5-8; *King*, 2019 WL 3023513, at \*5-6, 2019 Tex. App. LEXIS 5902, at \*14.

*Id*. at \*7.

In light of our opinion in *Simmons*, we sustain Jackson's first issue as to 90% of the time payment fee imposed. We modify the trial court's judgments to change the time payment fee from $25 to $2.50.

D. Modified Judgments. An appellate court has authority to reform a judgment to make the record speak the truth when the matter has been called to its attention by any source. *See* Tex. R. App. P. 43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). The State agrees that there were no agreements between Jackson and the State in exchange for Jackson's guilty pleas. Nevertheless, the judgment adjudicating

guilt states the following: (1) in case number CR08282: "Terms of Plea Bargain: TEN (10) YEARS INSTITUTIONAL DIVISION, TDCJ; $1,000.00 FINE; COURT COSTS;" (2) in case number CR08283: "Terms of Plea Bargain: TWENTY-FIVE (25) YEARS INSTITUTIONAL DIVISION, TDCJ; COURT COSTS." Because the judgments adjudicating guilt were not the product of plea bargains between Jackson and the State, we reform the judgments to delete the language under the "Terms of Plea Bargain" sections. Jackson's second issue is sustained.

As the State concedes, costs should have been imposed in either Trial Court Number CR08282 or Trial Court Number CR08283 but not both. *See Hurlburt v. State*, 506 S.W.3d 199 (Tex. App.—Waco 2016, no pet.). We sustain Jackson's third issue and modify the judgment in Trial Court Number CR08282 to delete the assessed court costs. *See Munoz v. State*, No. 10-19-002110-CR, 2019 WL 6464957, at *1-2 (Tex. App.—Waco Nov. 27, 2019, no pet.) ("Because this error does not impact the determination of guilt or punishment and, therefore, does not result in a reversal of either judgment, we may modify one of the judgments to correct the erroneous assessment of costs.").

## *Conclusion*

We affirm the trial court's Judgment of Conviction by Court—Waiver of Jury Trial in Trial Court Number CR08282 as modified and the Judgment of Conviction by Court—Waiver of Jury Trial in Trial Court Number CR08283 as modified.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Judgments Affirmed as modified
Memorandum Opinion delivered and filed February 19, 2020
Do not publish
[CR25]

