

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00370-CR
_____

**AKEEM DENOISE DYE, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 27th District Court
Bell County, Texas[1]
Trial Court No. 78148, Honorable John T. Gauntt, Presiding

September 16, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Akeem Denoise Dye, appellant, pleaded guilty to two counts of injury to a child committed in 2017.[2]  On each count, the trial court sentenced him to fifteen years' confinement in the Texas Department of Criminal Justice, with sentences to run

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Under Texas Rule of Civil Procedure 41.3, we follow the precedent of the transferor court in the event of a conflict between that court's precedent and our own.  TEX. R. APP. P. 41.3.

[2] *See* TEX. PENAL CODE ANN. § 22.04(a), (e) (West 2019).

concurrently. Additionally, on Count No. 1, the trial court assessed court costs in the amount of $251. Appellant appeals his conviction and sentence.

Counsel for appellant has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment of the trial court, as modified.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. In a letter to appellant, counsel notified him of his motion to withdraw; provided him with a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has filed a brief in which it requests that the decision of the trial court be affirmed.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300

---

[3] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

(1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review.

However, counsel has identified an error in the judgment regarding the assessment of court costs against appellant. Specifically, appellant challenges a portion of the time payment fee. The official bill of costs, reflecting $251 in court costs, also included a provision for a time payment fee pursuant to Texas Local Government Code section 133.103. Section 133.103 requires a person convicted of a criminal offense to pay a fee of $25 if the person: (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after a judgment is entered assessing the fine, court costs, or restitution. *See* TEX. LOCAL GOV'T CODE ANN. § 133.103(a) (West 2019). Under former subsections (b) and (d) of section 133.103, ninety percent of the fees collected under the statute are sent into a general revenue fund. [4] *Id.* Because subsections (b) and (d) of section 133.103 did not direct the time payment fees to be used for criminal justice purposes, the Third Court of Appeals, among others, held that those subsections violate the separation of powers doctrine and are therefore facially unconstitutional. *Dulin v. State*, 583 S.W.3d 351, 353 (Tex. App.—Austin 2019, pet. granted); *see also Ovalle v. State*, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020, pet. filed); *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). Under *Dulin*, the time payment fee should thus be reduced

---

[4] Legislation passed by the Texas Legislature effective January 1, 2020, repealed subsections (b) and (d) and amended the language of the statute to provide that all fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 2.54, 2019 Tex. Gen. Laws 3981, 4010 (transferring section 133.103 to the Code of Criminal Procedure and redesignating it as article 102.030). Because the offenses in this case were committed before January 1, 2020, these changes do not apply here. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.04, 2019 Tex. Gen. Laws 3981, 4035.

by ninety percent. *Dulin*, 583 S.W.3d at 352-53. Accordingly, appellant seeks modification of the judgment to reduce the time payment fee from $25 to $2.50.

Although he did not object to the assessment of costs in the trial court, appellant may challenge their constitutionality for the first time on appeal because the costs were not imposed in open court and the written judgment does not contain an itemization of imposed costs. *London v. State*, 490 S.W.3d 503, 506-07 (Tex. Crim. App. 2016). Moreover, the Third Court of Appeals has allowed challenges to court costs in the context of an *Anders* brief. *See Weatherspoon v. State*, No. 03-15-00236-CR, 2016 Tex. App. LEXIS 672, at *1, 3-9 (Tex. App.—Austin Jan. 22, 2016, no pet.) (mem. op., not designated for publication).

This Court has the authority to modify an incorrect judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (en banc). Therefore, we sustain appellant's point and modify the trial court's judgment on Count No. 1 in trial cause No. 78148 to reflect that only $2.50 of the $25 time payment fee may be assessed by the district clerk. As modified, we affirm the trial court's judgments. Further, we grant counsel's motion to withdraw.[5]

Judy C. Parker<br>
Justice

Do not publish.

---

[5] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.

4