**Affirmed as Modified and Opinion filed February 5, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00273-CR

---

**DEVLON DEAQUEL JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 264th District Court**
**Bell County, Texas**
**Trial Court Cause No. 77226**

---

### O P I N I O N [1]

Appellant Devlon Deaquel Johnson challenges the facial constitutionality of several court costs assessed following his guilty plea to a charge of drug possession and resulting conviction and sentence. Appellant also asserts that the trial court erred

---

[1] The Supreme Court of Texas transferred this case to our court from the Third Court of Appeals. *See* Tex. Gov't Code § 73.001. We are unaware of any conflict between Third Court of Appeals precedent and that of this court on any relevant issue. *See* Tex. R. App. P. 41.3.

by failing to include a finding in the judgment regarding appellant's eligibility for diligent participation credit.

We sustain in part appellant's first issue to the extent he challenges the facial constitutionality of the time payment fee authorized by Texas Local Government Code section 133.103(a), (b), and (d). *See* Tex. Loc. Gov't Code § 133.103(a), (b), (d). We conclude that, with respect to the collection and allocation of funds under these sections—which are allocated to general revenue without limitation or restriction—the statute is facially unconstitutional in violation of article II, section 1 of the Texas Constitution. We overrule appellant's first issue in all other respects. Concluding appellant's second issue is moot, we do not reach it. We modify the trial court's judgment in part, and affirm the judgment as modified.

## Background

Both parties agree the underlying facts are irrelevant to this appeal's disposition so we do not recount them in any detail. A Bell County grand jury indicted appellant for possession of cocaine in an amount less than one gram. After appellant pleaded guilty to the charge, the trial court sentenced appellant to eighteen months' confinement in state jail. Appellant timely appealed.

## Analysis

### A. Court Costs

In his first issue, appellant contends that the following court costs assessed against him after conviction are facially unconstitutional because they violate the separation of powers provision of the Texas Constitution:

- a $25 "Sheriff" fee, authorized under article 102.011 of the Texas Code of Criminal Procedure;
- a $50 "Capias Warrant Fee," authorized under article 102.011 of the Texas Code of Criminal Procedure;

2

- a $40 "District Clerk" fee, authorized under article 102.005 of the Texas Code of Criminal Procedure;

- a $4 "Jury Service Fund SB1704" fee, authorized under article 102.0045 of the Texas Code of Criminal Procedure;

- 10% of a $2 "Basic Criminal Legal Services" fee, authorized under section 133.107 of the Texas Local Government Code;

- a $2 "Administrative Transaction Fee," authorized under article 102.072 of the Texas Code of Criminal Procedure; and

- 90% of a $25 "Time Payment" fee, authorized under section 133.103 of the Texas Local Government Code.

1.    *Standard of review and applicable law*

We review the constitutionality of a criminal statute de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013); *Johnson v. State*, 562 S.W.3d 168, 174 (Tex. App.—Houston [14th Dist.] 2018, no pet. h.) (op. on reh'g). We begin with the presumption that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it. *See Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *Eugene v. State*, 528 S.W.3d 245, 250–51 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Combs v. STP Nuclear Operating Co.*, 239 S.W.3d 264, 271 (Tex. App.—Austin 2007, pet. denied); *see also* Tex. Gov't Code § 311.021 (noting that courts presume "compliance" with Texas and United States Constitutions). We must uphold the statute if we can apply a reasonable construction that will render it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); *Johnson*, 562 S.W.3d at 175; *Sheldon v. State*, 100 S.W.3d 497, 500 (Tex. App.—Austin 2003, pet. ref'd). The party challenging the statute has the burden to establish its unconstitutionality. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). We make every reasonable presumption in favor of the statute's constitutionality unless the challenger clearly shows that it is unconstitutional. *Id.*

To successfully attack a statute as facially unconstitutional, the challenger must establish that "no set of circumstances exists under which that statute would be valid." *Id.*; *see also State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013) (the party asserting a facial challenge "must establish that the statute always operates unconstitutionally in all possible circumstances"). For a facial-challenge analysis regarding court costs, courts will consider only applications of a statute that the statute actually authorizes or prohibits, not how or where the collected fees might actually be spent. *See Peraza*, 467 S.W.3d at 515. Because a facial challenge attacks a statute's validity in all circumstances, it is "the most difficult challenge to mount successfully." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992).

The Texas Constitution expressly guarantees separated powers among the three branches of government. Tex. Const. art. II, § 1; *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017). Article II, section 1 of the Texas Constitution states:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1. This section ensures that the powers granted to one governmental branch may be exercised only by that branch, to the exclusion of the other branches. *Ex parte Lo*, 424 S.W.3d at 28. When one branch of government assumes or is delegated a power more properly attached to another branch, that assumption or delegation of power violates the separation-of-powers provision. *Salinas*, 523 S.W.3d at 106–07. If a statute turns the courts into tax gatherers, then

the statute delegates to the courts a power more properly attached to the executive branch. *Id.* at 107.

If, on the other hand, "the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes, then the statute allows for a constitutional application" and does not violate the separation-of-powers provision. *Peraza*, 467 S.W.3d at 517 (footnote omitted). A "criminal justice purpose" is one that "relates to the administration of our criminal justice system" and should be evaluated on a statute-by-statute/case-by-case basis. *Id.* at 518.

As this court recently concluded, two types of court-cost statutes pass constitutional muster: (1) statutes under which a court recoups expenditures necessary or incidental to criminal prosecutions; and (2) statutes providing for an allocation of the costs to be expended for any legitimate criminal justice purpose. *See Moliere v. State*, ---S.W.3d---, 2018 WL 6493882, at *5 (Tex. App.—Houston [14th Dist.] 2018, no pet. h.). Whether a statute falls within the first category is a backward-looking exercise, while an analysis under the second category is forward-looking. *See id.* The Court of Criminal Appeals has explained that whether a future allocation of costs relates to the administration of our criminal justice system depends on what the statute says about the intended use of the funds, not how the funds are actually used. *See Salinas*, 523 S.W.3d at 107, 109 n.26.

2. *Application*

a. Sheriff and Capias Warrant Fees

Appellant's bill of costs assessed a $25 "Sheriff" fee and a $50 "Capias Warrant" fee. In two sub-issues, appellant challenges the entirety of subsections (a) and (b) of article 102.011 of the Texas Code of Criminal Procedure, which state:

(a) A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer:

(1) $5 for issuing a written notice to appear in court following the defendant's violation of a traffic law, municipal ordinance, or penal law of this state, or for making an arrest without a warrant;

(2) $50 for executing or processing an issued arrest warrant, capias, or capias pro fine with the fee imposed for the services of:

(A) the law enforcement agency that executed the arrest warrant or capias, if the agency requests of the court, not later than the 15th day after the date of the execution of the arrest warrant or capias, the imposition of the fee on conviction; or

(B) the law enforcement agency that processed the arrest warrant or capias, if:

(i) the arrest warrant or capias was not executed; or

(ii) the executing law enforcement agency failed to request the fee within the period required by Paragraph (A) of this subdivision;

(3) $5 for summoning a witness;

(4) $35 for serving a writ not otherwise listed in this article;

(5) $10 for taking and approving a bond and, if necessary, returning the bond to the courthouse;

(6) $5 for commitment or release;

(7) $5 for summoning a jury, if a jury is summoned; and

(8) $8 for each day's attendance of a prisoner in a habeas corpus case if the prisoner has been remanded to custody or held to bail.

(b) In addition to fees provided by Subsection (a) of this article, a defendant required to pay fees under this article shall also pay 29 cents per mile for mileage required of an officer to perform a service listed in this subsection and to return from performing that service. If the service provided is the execution of a writ and the writ is directed to two or more persons or the officer executes more than one writ in a case, the defendant is required to pay only mileage actually and necessarily

6

traveled. In calculating mileage, the officer must use the railroad or the most practical route by private conveyance. The defendant shall also pay all necessary and reasonable expenses for meals and lodging incurred by the officer in the performance of services under this subsection, to the extent such expenses meet the requirements of Section 611.001, Government Code. This subsection applies to:

(1) conveying a prisoner after conviction to the county jail;

(2) conveying a prisoner arrested on a warrant or capias issued in another county to the court or jail of the county; and

(3) traveling to execute criminal process, to summon or attach a witness, and to execute process not otherwise described by this article.

Tex. Code Crim. Proc. art. 102.011(a), (b).

Appellant argues that neither article 102.011 nor an interconnected statute direct where the funds collected for either fee are to be deposited. Citing the *Study of the Necessity of Certain Court Costs*,[2] appellant contends that both the sheriff fee and the capias warrant fee are in fact deposited "into a general fund without limitation." Because each fee is deposited into a general fund, appellant continues, each fee's authorizing statute is facially unconstitutional under *Johnson*, *Hernandez,* and *Casas*. *See Johnson v. State*, No. 14-16-00658-CR, 2018 WL 1476275 (Tex. App.—Houston [14th Dist.] Mar. 27, 2018), *withdrawn and superseded on rehearing by Johnson*, 562 S.W.3d at 171; *Hernandez v. State*, ---S.W.3d---, 2017 WL 3429414 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Casas v. State*, 524 S.W.3d 921 (Tex. App.—Fort Worth 2017, no pet.).

---

[2] *See* Office of Court Administration, "Study of the Necessity of Certain Court Costs and Fees in Texas," *available at* http://www.txcourts.gov/publications-training/publications/filing-fees-courts-costs.aspx. Our court has concluded that this report is of limited value in our analysis of the issue presented because the report was not part of the trial court record and because failure of the statute to direct the funds to a segregated account does not make the courts tax gatherers. *See Moliere*, 2018 WL 6493882, at *6 n.5. The First Court of Appeals has taken a similar view. *Allen v. State*, ---S.W.3d---, 2018 WL 4138965, at *9 (Tex. App.—Houston [1st Dist.] 2018, pet. granted) (op. on reh'g).

We acknowledge that the statute in question is silent as to where the fees are to be deposited. However, the fees for services enumerated in subsections (a) and (b) of article 102.011 are expenses "incurred by the State in the prosecution of *this particular case*" and are therefore "unquestionably for a legitimate criminal justice purpose." *Allen v. State*, ---S.W.3d---, 2018 WL 4138965, at *9 (Tex. App.—Houston [1st Dist.] 2018, pet. granted) (op. on reh'g) (emphasis added); *see also* Tex. Code Crim. Proc. art. 102.011(a) (defendant is responsible for paying "for services performed *in the case* by a peace officer") (emphasis added). Thus, both the sheriff fee and the capias warrant fee reimburse the State for costs incurred by peace officers attendant to appellant's criminal case. For that reason, our court recently rejected facial constitutionality challenges to the sheriff fee. *See Lopez v. State*, ---S.W.3d---, 2018 WL 6684242, at *8 (Tex. App.—Houston [14th Dist.] 2018, no pet. h.); *Jackson v. State*, ---S.W.3d---, 2018 WL 6695809, at *6 (Tex. App.—Houston [14th Dist.] 2018, no pet. h.). We now hold similarly with respect to the capias warrant fee because that fee likewise recoups costs incurred by the State for appellant's criminal prosecution. *See Peraza*, 467 S.W.3d at 517 ("We continue to hold, as we did in *Weir*, that court costs should be related to the recoupment of costs of judicial resources.") (citing *Weir v. State*, 278 S.W.3d 364 (Tex. Crim. App. 2009)). Accordingly, both the sheriff fee and the capias warrant fee pass constitutional muster. *See Moliere*, 2018 WL 6493882, at *5–6; *see also Allen*, 2018 WL 4138965, at *9 (article 102.011(b) is not facially unconstitutional because the fee "is directly tied to reimbursement for past judicial expenses incurred in the case").

*Johnson*, *Hernandez*, and *Casas*, each cited by appellant, do not compel a contrary outcome. This court withdrew its original opinion in *Johnson*, which had held that a jury fee was facially unconstitutional, and issued a substitute opinion in

8

its stead. *See Johnson*, 562 S.W.3d at 171 (withdrawing *Johnson*, 2018 WL 1476275). In the substitute opinion, we upheld the constitutionality of the challenged court cost. *See id.* at 177–80 (holding that the jury fee authorized by Texas Code of Criminal Procedure article 102.004 is not facially unconstitutional). In *Hernandez*, the First Court of Appeals held that a statute imposing a district attorney's fee was unconstitutional "to the extent it allocate[d] funds to the county's general fund because those funds allow[ed] spending for" any purpose. *See Hernandez*, 2017 WL 3429414, at *7. However, as that court later explained, *Hernandez* did not analyze whether the challenged fee could survive a constitutional challenge looking back to the source of the fee versus looking forward to how the collected fee might be spent, under *Peraza*. *See Allen*, 2018 WL 4138965, at *8. We agree with the *Allen* court's reasoning that because the fee here "is an actual recoupment of out-of-pocket expenses incurred in this particular case," it is different from the fee at issue in *Hernandez*, which therefore does not control. *Id.* Similarly, *Casas*, which held that a $100 court cost for "emergency management services" was facially unconstitutional, does not apply. *Casas*, 524 S.W.3d at 923, 927. That court reached its conclusion because "[n]either the statute authorizing the collection of the emergency-services cost nor its attendant statutes direct[ed] the funds to be used for a legitimate, criminal-justice purpose." *Id.* at 927. The *Casas* fee was not a recoupment of past expenditures, like the sheriff and capias warrant fees here.

We hold that article 102.011(a) and (b) are not facially unconstitutional and overrule the portion of appellant's first issue challenging those sections as they pertain to the sheriff fee and the capias warrant fee.

b. District Clerk Fee

Appellant was assessed a $40 "District Clerk" fee, which he contends is unconstitutional because the fee is not directed by statute to a particular destination but instead goes to a general fund.

Texas Code of Criminal Procedure article 102.005(a) provides that "[a] defendant convicted of an offense in a county court, a county court at law, or a district court shall pay for the services of the clerk of the court a fee of $40." Tex. Code Crim. Proc. art. 102.005(a). The statute states that "[t]he fee imposed is for all clerical duties performed by the clerk." *Id.* art. 102.005(c).[3]

This court has held that the district clerk's fee is not an impermissible tax collected by the judiciary. *See Moliere*, 2018 WL 6493882, at *7. "Article 102.005(c) shows that the fee falls within the first category of constitutional court-cost statutes: it is collected to recoup costs expended in the trial of the case." *Id.* Our holding aligns with those of other courts addressing the identical issue. *See Thornton v. State*, No. 05-17-00220-CR, 2018 WL 2773390, at *3 (Tex. App.—Dallas June 11, 2018, no pet.) (mem. op., not designated for publication) (the clerk's fee is "intended to be spent reimbursing the clerk for the services listed in the statute attendant to a criminal court proceeding and . . . serves a legitimate criminal justice purpose"); *Davis v. State*, 519 S.W.3d 251, 257 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (holding that article 102.005 is not a facially unconstitutional tax). Appellant has not cited a court decision sustaining a facial constitutional challenge to the district clerk fee.

---

[3] The clerk's duties include filing a complaint or information, docketing the case, taxing costs against the defendant, issuing original writs and subpoenas, swearing in and impaneling a jury, receiving and recording the verdict, filing each paper entered in the case, and swearing in witnesses in the case. Tex. Code Crim. Proc. art. 102.005(c)(1)–(8).

Consistent with *Moliere* and *Thornton*, we hold that the statute authorizing the collection of the district clerk's fee is not facially unconstitutional.

### c. Jury Service Fund Fee

Texas Code of Criminal Procedure article 102.0045(a) provides:

> A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to all other costs, a fee of $4 to be used to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code.

Tex. Code Crim. Proc. art. 102.0045(a).

Appellant's bill of costs included a $4 "Jury Service Fund SB1704" fee. Appellant's case was not tried to a jury, so the fee cannot be considered a recoupment of costs expended in his particular case. We conclude that the fee nevertheless recoups legitimate criminal justice resources generally.

The statute specifically directs the funds to be used "to reimburse counties for the cost of juror services as provided by Section 61.0015, Government Code." *Id.* art. 102.0045(a). The statute directs the treasurer to remit the collected fees to the comptroller, who then "shall deposit the fees in the jury service fund." *Id.* art. 102.0045(b). Under section 61.0015 of the Government Code, the state "shall reimburse a county $34 a day" for the county's cost of paying each person who reports for jury service, provided that the county's commissioners court files a claim for reimbursement. Tex. Gov't Code § 61.0015(a), (b). The comptroller shall pay claims for reimbursement "from money collected under Article 102.0045, Code of Criminal Procedure, and deposited in the jury service fund." *Id.* § 61.0015(c). The funds collected under article 102.0045 and paid under section 61.0015 "reimburse counties for the cost of juror services," which necessarily includes services pertaining to criminal juries. Tex. Code Crim. Proc. art. 102.0045(a); *see also*

11

*Johnson*, 562 S.W.3d at 179 (jury expenses "include those pertaining to criminal juries"). Accordingly, the fee is directly "related to the recoupment of the costs of judicial resources expended in connection with the prosecution of criminal cases within our criminal justice system." *Peraza*, 467 S.W.3d at 517.

Appellant has not demonstrated that article 102.0045 and the $4 fee it authorizes operate unconstitutionally in every instance.

We hold that article 102.0045(a) is not facially unconstitutional.

### d. Legal Services Fee

Appellant challenges a $2 "Basic Criminal Legal Services" fee in his bill of costs.

Texas Local Government Code Section 133.107 provides that:

> A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.

Tex. Loc. Gov't Code § 133.107(a). Section 133.107 further provides that the comptroller, after receiving the collected fees under this statute, "shall credit the remitted fees to the credit of the fair defense account." *Id.* § 133.107(b).

The fair defense account is an account in the general revenue fund from which monies may be appropriated only to:

> (1) the commission for the purpose of implementing this chapter; and
> (2) the office of capital and forensic writs for the purpose of implementing Subchapter B, Chapter 78.

Tex. Gov't Code § 79.031.

12

Chapter 78 of the Government Code, entitled the "Texas Indigent Defense Commission," governs the commission's role to "develop policies and standards for providing legal representation and other defense services to indigent defendants at trial, on appeal, and in postconviction proceedings." *Id.* § 79.034(a). The policies and standards include "standards governing the availability and reasonable compensation of providers of indigent defense support services for counsel appointed to represent indigent defendants." *Id.* § 79.034(a)(9). "Indigent defense support services" means criminal defense services that:

> (A) are provided by licensed investigators, experts, or other similar specialists, including forensic experts and mental health experts; and
>
> (B) are reasonable and necessary for appointed counsel to provide adequate representation to indigent defendants.

*Id.* § 79.001(9). We read this definition to include "indigent defense representation," as that term is used Local Government Code section 133.107.

Accordingly, fees collected under section 133.107 are collected by the comptroller and then deposited in the fair defense account, which funds the Texas Indigent Defense Commission. The Commission, in turn, acts to ensure that indigent criminal defendants are provided adequate representation. We can comfortably conclude that protecting an indigent criminal defendant's right to counsel is a legitimate criminal justice purpose. *See Heckman v. Williamson County*, 369 S.W.3d 137, 143–44 (Tex. 2012) ("A criminal defendant's right to counsel—enshrined in both the United States and Texas Constitutions—ranks among the most important and fundamental rights in a free society.").

Appellant asserts that "ten percent of the fee collected may go as a service fee for collection to the County General Fund (or City General Fund)," and that, consequently, ten percent of the fee is an unconstitutional tax. In support of his argument, appellant again cites the Office of Court Administration study of court

13

costs and fees. As discussed above, we do not consider this report, which is not included in our record, in our analysis of the issue presented. Our inquiry focuses only on what the statute says about the intended use of funds, not how the funds are actually used. *See Salinas*, 523 S.W.3d at 107, 109 n.26. Here, the statute expressly states that the money is "to fund indigent defense representation" and directs the fees collected to the fair defense account. Tex. Loc. Gov't Code § 133.107.

Appellant has not demonstrated that section 133.107 and the $2 fee it authorizes operate unconstitutionally in every instance. Accordingly, we hold that section 133.107 is not facially unconstitutional.

e. Administrative Transaction Fee

Appellant's bill of costs included a $2 "Administrative Transaction" fee. Article 102.072 of the Texas Code of Criminal Procedure provides that certain officers or a community supervision and corrections department "may assess an administrative fee for each transaction made by the officer or department relating to the collection of fines, fees, restitution, or other costs imposed by a court," but the fee may not exceed $2 for each transaction. Tex. Code Crim. Proc. art. 102.072.[4]

Akin to our reasoning regarding the sheriff, capias warrant, and district clerk fees, we conclude that the administrative transaction fee falls under the first category described by *Moliere*, recoupment of criminal prosecution expenses. *See Moliere*, 2018 WL 6493882, at *5. The statute authorizes certain officers of the court or a community supervision department to assess a $2 fee for each transaction made by the officer relating to the collection of "fines, fees, restitution, or other costs imposed by a court." *See* Tex. Code Crim. Proc. art. 102.072. These monies are imposed by

---

[4] Officers that may collect money payable under article 102.072 include district and county attorneys, clerks of district and county courts, sheriffs, constables, and justices of the peace. Tex. Code Crim. Proc. art. 103.003(a).

14

virtue of a defendant's conviction and thus are attendant to a criminal court proceeding. *See, e.g., Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("[C]ourt costs are compensatory in nature; that is, they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case.'") (quoting *Weir*, 278 S.W.3d at 366). We conclude that the fee is directly tied to reimbursement for judicial expenses incurred in a defendant's particular case. *See Allen*, 2018 WL 4138965, at *9; *Moliere*, 2018 WL 6493882, at *5–6.

Appellant has not demonstrated that section 102.072 and the $2 fee it authorizes operate unconstitutionally in every instance. We hold that article 102.072 is not facially unconstitutional.

### f. Time Payment Fee

In the last part of his first issue, appellant challenges a $25 "Time Payment" fee.

A person convicted of a felony or misdemeanor shall pay, in addition to all other costs, a fee of $25 if the person pays "any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." Tex. Loc. Gov't Code § 133.103(a). The statute allocates the fees collected in three ways. Generally,[5] the treasurer is directed to: (1) send fifty percent of the fees collected under this section to the comptroller, who shall then deposit the fees to the credit of the general revenue fund; (2) deposit forty percent of the fees in the general revenue account of the county or

---

[5] In certain circumstances—i.e., if the municipality or county is not in compliance with article 103.0033, which concerns programs to improve the collection of court costs, fees, and fines imposed in criminal cases—the treasurer is directed to send 100 percent of the fees to the comptroller. Tex. Loc. Gov't Code § 133.103(c-1); *see also id.* § 103.0033.

municipality; and (3) deposit the remaining ten percent of the fees in the general fund of the county or municipality "for the purpose of improving the efficiency of the administration of justice." *Id.* § 133.103(b), (c), (d).

Appellant does not challenge the percentage of the fee that is directed to the general fund of the county or municipality "for the purpose of improving the efficiency of the administration of justice." *Id.* § 133.103(c). As to the remaining ninety percent of collected funds, however, appellant argues that the statute is facially unconstitutional because it requires the funds be deposited into a general fund without limitation or restriction.

The time payment fee does not in itself reimburse the county or the State for expense incurred in connection with appellant's criminal trial specifically or criminal justice resources generally. It is simply a late fee assessed when a person convicted of a felony or a misdemeanor pays any fine, cost, or restitution more than thirty days after the judgment is entered assessing a court cost, fine, or restitution. Thus, we cannot uphold the time payment fee's constitutionality on the ground that its character "recoups expenses necessary or incidental to a criminal prosecution." *Moliere*, 2018 WL 6493882, at *5.

Alternatively, we look to whether section 133.103 directs that the funds be used for something that is a legitimate criminal justice purpose. *See Salinas*, 523 S.W.3d at 109 n.26. In this regard, we conclude *Salinas* is on point. There, the Court of Criminal Appeals addressed the facial constitutionality of the "Consolidated Court Cost" fee. *See* Tex. Loc. Gov't Code § 133.102. The legislature allocated portions of the fee to two accounts at issue: the "comprehensive rehabilitation" account and the "abused children's counseling" account. *Salinas*, 523 S.W.3d at 107. The money collected as to both accounts, the high court explained, is deposited in the general revenue fund. *Id*. at 107–08, 109. Because the

16

funds collected are directed to general revenue and do not "relate to the criminal justice system," the court held the accounts at issue did not qualify as an allocation of funds to be expended for legitimate criminal justice purposes. *Id*. at 109–10. Because the legislative directives at issue in *Salinas* did not constitute any legitimate criminal justice purpose, the court held that the fee operates unconstitutionally every time it is collected and thus was facially invalid. *See id*. at 109 & n.26.

*Salinas* compels the same result here with respect to the portions of section 133.103 directing the funds collected to general revenue without limitation. *Id*.; Tex. Loc. Gov't Code § 133.103(b), (d). Each time the district clerk collects the portion of the fee authorized by section 133.103(a), (b), and (d), it is gathering general revenue not sufficiently related to a legitimate criminal justice purpose. "We cannot uphold the constitutionality of funding . . . when all the funds in the account go to general revenue," at least without a statutory directive that the funds be used for a legitimate criminal justice purpose. *See Salinas*, 523 S.W.3d at 110. Accordingly, we agree with appellant that section 133.103(b) and (d) are facially unconstitutional. *See id*.

We sustain in part appellant's first issue, as it relates to section 133.103(b) and (d) of the Texas Local Government Code. Our holding does not apply to section 133.103(c), which allocates ten percent of the fee to the general fund of the county or municipality to be expended for the purpose of improving the efficiency of the administration of justice in the county or municipality. We overrule the remainder of appellant's first issue.

## B.     Diligent Participation Credit

In his second issue, appellant asserts that the trial court's judgment omits a statutorily required finding.

17

Article 42.0199 of the Texas Code of Criminal Procedure provides that if a person is convicted of a state jail felony, as appellant was here, "the judge shall make a finding and enter the finding in the judgment of the case regarding whether the person is presumptively entitled to diligent participation credit in accordance with Article 42A.559." Tex. Code Crim. Proc. art. 42.0199. Article 42A.559 states that a defendant confined in a state jail felony facility does not earn "good conduct time" for time served in the facility, but "may be awarded diligent participation credit," in certain circumstances. *Id.* art. 42A.559(b). For a defendant whose judgment contains a finding that the defendant is presumptively entitled to diligent participation credit and who has not been the subject of disciplinary action while confined in the jail facility, the Department of Criminal Justice shall credit against any time the defendant is required to serve in a state jail felony facility additional time for each day the defendant actually served in the facility while diligently participating in an educational, vocational, treatment, or work program, which ultimately reduces the length of time to be served by a convicted defendant. *Id.* art. 42A.559(f).

Appellant's judgment is silent as to whether he is, or is not, presumptively entitled to diligent participation credit. However, appellant was scheduled to be released from jail prior to the issuance of this opinion. Appellant's counsel filed a letter in this court acknowledging that appellant's release "appears to make Mr. Johnson's second issue moot." We agree, and accordingly we do not reach the merits of appellant's second issue. *See Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004) ("A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties.").

**Conclusion**

We sustain in part appellant's first issue as to the facial constitutionality of the time payment fee under Texas Local Government Code section 133.103(b) and (d). We overrule appellant's first issue in all other respects. We modify the trial court's judgment to change the time payment fee from $25 to $2.50, and affirm the judgment as modified.

/s/     Kevin Jewell
Justice

Panel consists of Justices Wise, Jewell, and Poissant.
Publish — Tex. R. App. P. 47.2(b).