# NO. 12-19-00360-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SHANNON CARNEIL SPURLOCK,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Shannon Carneil Spurlock appeals his conviction for injury to a child. In one issue, he contends the trial court erred by imposing unconstitutional court costs. We affirm.

## BACKGROUND

Appellant was charged by two separate indictments with injury to a child, a third degree felony as alleged in the indictments.[1] The State alleged that Appellant had previously been finally convicted of the felony offense of possession of a controlled substance, elevating his punishment range to imprisonment for two to twenty years.[2]

The State designated trial court cause number 007-1431-12 for trial. Appellant pleaded "not guilty" and the case proceeded to a jury trial, which ended by the court granting Appellant's motion for a mistrial.

Thereafter, Appellant entered into a plea bargain with the State wherein Appellant pleaded "guilty" in trial court cause number 007-1432-12, "true" to the enhancement allegation in that indictment, and acknowledged his guilt in the unadjudicated offense alleged in trial court

---

[1] *See* TEX. PENAL CODE ANN. § 22.04 (a) (3) (West 2019).

[2] *See id.* § 12.42 (a) (West 2019).

cause number 007-1431-12.[3] Pursuant to the plea bargain, the State recommended seven years deferred adjudication community supervision with certain terms and conditions. The trial court followed the State's recommendation and placed Appellant on community supervision.

Thereafter, the State filed a motion to adjudicate Appellant's guilt based upon several allegations that Appellant violated the terms and conditions of his community supervision. At a hearing on the motion to adjudicate, Appellant pleaded "true" to the allegations that he violated his community supervision. The trial court found the allegations to be "true," proceeded to find Appellant "guilty," and sentenced him to imprisonment for twelve years. This appeal followed.

## UNCONSTITUTIONAL COURT COSTS

In one issue, Appellant argues that the trial court erred in imposing the "time payment" fee previously authorized by Texas Local Government Code, Section 133.103 in its judgment.[4] The State concedes that this fee is facially unconstitutional.

We have held that the time payment fee previously authorized by Section 133.103 is facially unconstitutional. *Irvin v. State*, No. 12-19-00347-CR, 2020 WL 5406276, at \*7 (Tex. App.—Tyler Sept. 9, 2020, no pet.) (mem. op., not designated for publication); *see also Salinas v. State*, 523 S.W.3d 103, 112 n.54 (Tex. Crim. App. 2017); *Ovalle v. State*, 592 S.W.3d 615, 618 n.1 (Tex. App.—Dallas 2020, pet. filed); *Simmons v. State*, 590 S.W.3d 702, 712 (Tex. App.–Waco 2019, pet. filed); *Dulin v. State*, 583 S.W.3d 351, 353 (Tex. App.—Austin 2019, pet. granted); *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed) (concluding that, because the portions of time payment fee authorized by subsections (b) and (d) of Section 133.103 were deposited in general revenue and were not sufficiently

---

[3] *See id.* § 12.45 (a) (West 2019) ("A person may, with the consent of the attorney for the state, admit during the sentencing hearing his guilt of one or more unadjudicated offense and request the court to take each into account in determining sentence for the offense or offenses of which he stands adjudged guilty.").

[4] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See Ovalle v. State*, 592 S.W.3d 615, 617 n.1 (Tex. App.—Dallas 2020, pet. filed).

allocated to administration of criminal justice system, those subsections were facially unconstitutional as violating the separation-of-powers provision of Texas Constitution).

However, we do not agree that the trial court assessed the time payment fee in this case. The judgment adjudicating guilt reflects that Appellant owes $0 in court costs. The bill of costs shows that Appellant owes $669 in court costs and states the following:

> An additional time payment fee of $25.00 will be assessed if any part of a fine, court costs, or restitution is paid on or after the date the judgment assessing the fine, court costs or restitution is entered. *See* TEX. LOC. GOV'T CODE ANN*.,* §133.103.

The bill of costs itemizes each cost, and the time payment fee is neither itemized nor included in the $669 total. Thus, while the bill of costs states that the time payment fee could be assessed, the record does not show that it was assessed. Because the record does not show that the time payment fee was assessed, we conclude Appellant's argument is without merit. *See **Orr v. State***, 12-19-00398-CR, 2020 WL 6380335, at *7 (Tex. App.—Tyler Oct. 30, 2020, no pet.).

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered January 6, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 6, 2021**

**NO. 12-19-00360-CR**

**SHANNON CARNEIL SPURLOCK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1432-12)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*