# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00148-CR

**Michael Andrew Horn, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 33RD DISTRICT COURT OF LLANO COUNTY
### NO. CR7580, THE HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Michael Andrew Horn of the second-degree felony offense of aggravated assault with a deadly weapon, *see* Tex. Penal Code §§ 22.01(a)(2), .02(a)(2), and sentenced appellant to confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice. For the following reasons, we modify the trial court's judgment of conviction to reduce the amount of court costs by $22.50 and, as modified, we affirm the judgment of conviction.

## Analysis

Appellant does not challenge the jury's verdicts. His sole appellate issue challenges 90% of the time payment fee that was assessed against him as court costs.[1] As

---

[1] The judgment, which the trial court entered on February 26, 2019, reflects court costs in the total amount of $355.00 without further itemization, but the District Clerk's bill of costs reflects that appellant had not paid any amount toward the assessed court costs as of

support for this challenge, appellant cites this Court's opinion in *Dulin v. State*, 583 S.W.3d 351, 353 (Tex. App.—Austin 2019, pet. granted), in which we held that the former statutory provisions authorizing 90% of the fee—subsections (b) and (d) of former Texas Local Government Code section 133.103—are facially unconstitutional. *See id.*; *see also* former Tex. Loc. Gov't Code § 133.103(b) (requiring 50% of fees collected under subsection to be sent to comptroller for deposit "to the credit of the general revenue fund"), (d) (requiring remainder of fees collected under section for deposit "in the general revenue account of the county or municipality").[2]

This Court held that subsections (b) and (d) of former section 133.103 were facially unconstitutional because they violated the separation of powers embodied in the Texas Constitution by authorizing 90% of the time payment fee for "general revenue not sufficiently related to a legitimate criminal justice purpose." *See Dulin*, 583 S.W.3d at 353 (quoting *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed)); *see also* Tex.

---

March 20, 2019, and provides an itemization of the charged amounts. *See Dulin v. State*, 583 S.W.3d 351, 352 n.2 (Tex. App.—Austin 2019, pet. granted) (rejecting State's argument that constitutional challenge to statutory provision authorizing time payment fee should not be reached "because the trial court prematurely assessed the time payment fee" and observing that "more than 30 days have now elapsed since the date of the judgment, and nothing in the record before us indicates that [defendant] has paid all of his fines and costs"). The bill of costs itemizes the following charges for the time payment fee: (i) $12.50 (50%); (ii) $2.50 (10%); and (iii) $10.00 (40%).

[2] Appellant does not challenge former section 133.103(c) of the Texas Local Government Code, which addresses the remaining 10% of the time payment fee. *See* Act of June 1, 2003, 78th Leg., R.S., ch. 209, § 62(a), 2003 Tex. Gen. Laws 979, 996–97 (requiring 10% of fees collected under section to be deposited in general fund of county or municipality "for the purpose of improving the efficiency of the administration of justice in the county or municipality"). Effective January 1, 2020, the substance of section 133.103 has been amended and transferred to article 102.030 of the Texas Code of Criminal Procedure, but the former law applies to this case. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, 2019 Tex. Gen. Laws 3981, 4010, 4035 (stating that offense committed before effective date of Act is governed by law in effect on date that offense was committed).

Const. art. II, § 1 (providing that no branch of government "shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted"); *Ovalle v. State*, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020, pet. filed) (following cases with similar reasoning to conclude that subsections (b) and (d) of former section 133.103 of Texas Local Government Code are facially unconstitutional).

Bound by this Court's holding in *Dulin*, we sustain appellant's sole issue and conclude that the assessed court costs in the judgment should be reduced by 90% of the time payment fee, which amounts to $22.50. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Thus, we modify the judgment to reduce the amount of court costs by $22.50.

## Conclusion

We modify the judgment as stated above and, as modified, we affirm the trial court's judgment of conviction.

_____
Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Modified and, As Modified, Affirmed

Filed: February 24, 2021

Do Not Publish