# NO. 12-20-00160-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LOUIS DEWAYNE SHEPHERD,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Louis Dewayne Shepherd appeals the trial court's order revoking his community supervision. In one issue, he contends the trial court erred by imposing unconstitutional court costs. We modify and affirm as modified.

## BACKGROUND

On November 8, 2018, Appellant was indicted for the second-degree felony offense of aggravated assault with a deadly weapon.[1] Appellant entered into a plea agreement with the State wherein he would plead "guilty" to the indictment in exchange for the State's recommendation of eight years deferred adjudication community supervision. At the plea hearing, the trial court accepted Appellant's plea of "guilty" and followed the State's punishment recommendation, placing Appellant on eight years deferred adjudication community supervision with certain terms and conditions.

On March 30, 2020, the State filed a motion to adjudicate Appellant's guilt, alleging that Appellant violated his community supervision by possessing and using cocaine and marijuana. At the hearing on the motion to adjudicate guilt, Appellant entered pleas of "true" to the allegations that he possessed and used cocaine and marijuana in violation of the terms and conditions of his community supervision. The trial court granted the State's motion, proceeded

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b) (West 2019).

to find Appellant "guilty," and sentenced him to imprisonment for eleven years. This appeal followed.

## TIME PAYMENT FEE

In his sole issue, Appellant argues the trial court erred in assessing a "time payment" fee previously authorized by Section 133.103 of the Texas Local Government Code. Although the State acknowledges that it has conceded error on this issue in previous appeals, it reconsidered its position on the "time payment" fee and no longer concedes error.

## Discussion

Several intermediate appellate courts, including this Court, have held subsections (b) and (d) of Section 133.03 unconstitutional. *See, e.g.*, ***Irvin v. State***, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex. App—Tyler Sept. 9, 2020, pet. filed) (mem. op., not designated for publication); ***Ovalle v. State***, 592 S.W.3d 615, 618 n.1 (Tex. App.—Dallas 2020, pet. filed); ***Simmons v. State***, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019, pet. filed); ***Johnson v. State***, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). However, the court of criminal appeals recently held that the pendency of an appeal stops the clock for the purposes of the time payment fee. ***Dulin v. State***, Nos. PD-0856-19, PD-0857-19, 2021 WL 1202400, at *4 (Tex. Crim. App. March 31, 2021).

In this case, the judgment adjudicating guilt reflects that the trial court assessed $254 in court costs. The judgment includes a document entitled "Order to Withdraw Funds," which states that Appellant incurred court costs, fees, fines, and/or restitution in the amount of $254. The bill of costs itemizes the court costs imposed, which total $254 with $254 outstanding. The bill of costs includes a $25.00 "time payment" fee and a paragraph stating that a $25.00 fee will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31st day after the judgment assessing the court costs is entered.[2] *See* TEX. LOC. GOV'T CODE ANN. § 133.103(c),

---

[2] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See* ***Ovalle v. State***, 592 S.W.3d 615, 617 n.1 (Tex. App.–Dallas 2020, pet. filed).

*redesignated as* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

Because the pendency of an appeal suspends the running of the clock for purposes of the time payment fee, the assessment of the fee in Appellant's case is premature. *See Dulin*, 2021 WL 1202400, at \*4. As a result, the fee should be struck in its entirety, without prejudice to it being assessed later if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay any fine, court costs, or restitution that he owes.[3] *Id.* We sustain Appellant's sole issue. Accordingly, we modify the trial court's judgment and order to withdraw funds to delete the time payment fee. *See Ovalle*, 592 S.W.3d at 618.

## DISPOSITION

Having sustained Appellant's sole issue, we *modify* the trial court's judgment and order to withdraw funds by deleting the time payment fee, without prejudice to it being assessed later if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay any fine, court costs, or restitution that he owes. We *affirm* the judgment *as modified*.

BRIAN HOYLE
Justice

Opinion delivered April 14, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] The United States Supreme Court and the Texas Court of Criminal Appeals have recognized the desirability of avoiding the adjudication of constitutional issues when at all possible. *Clinton v. Jones*, 520 U.S. 681, 690, 117 S. Ct. 1636, 1642, 137 L. Ed. 2d 945 (1997); *Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006). Whether the time payment fee will be imposed at a later date is purely speculative because Appellant could avoid the statutory conditions for imposing the fee by satisfying his monetary obligations to the court in a timely manner. Further, there is an available statutory remedy to challenge the time payment fee if it is ever imposed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (West 2018); *see also Dulin*, 2021 WL 1202400, at \*4 n.29.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 14, 2021**

**NO. 12-20-00160-CR**

**LOUIS DEWAYNE SHEPHERD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-1622-18)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below and the order to withdraw funds be **modified** by deleting the time payment fee, without prejudice to it being assessed later if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay any fine, court costs, or restitution that he owes; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*