# NO. 12-20-00222-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANNY LOYD HAYES, II,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant appeals his conviction for theft. In his sole issue, Appellant argues that the trial court erred in assessing certain fees in the bill of costs. We modify and affirm as modified.

## BACKGROUND

In September 2019, Appellant was charged by indictment with the state jail felony theft of property under $2,500, enhanced by two prior misdemeanor theft convictions.[1] Pursuant to a plea agreement, Appellant pleaded "guilty" in exchange for three years deferred adjudication community supervision.

In April 2020, the State filed a motion to adjudicate guilt, alleging that Appellant violated certain terms of his community supervision. At the hearing, Appellant pleaded "true" to all of the State's allegations. Following the hearing, the trial court granted the State's motion to adjudicate, revoked Appellant's community supervision, and adjudicated Appellant guilty of theft. The trial court assessed Appellant's punishment at fifteen months confinement. This appeal followed.

---

[1] TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West 2019).

In his sole issue, Appellant urges the trial court improperly assessed certain court costs in the judgment. First, Appellant argues the trial court erred in assessing a "time payment" fee previously authorized by Section 133.103 of the Texas Local Government Code.[2]  Although the State acknowledges that it conceded error on this issue in previous appeals, it has reconsidered its position on the "time payment" fee and no longer concedes error.  Second, Appellant further argues that he was erroneously charged a "specialty court" fee.  The State concedes this error.

**Time Payment Fee**

Several courts, including this one, have held subsections (b) and (d) of Section 133.03 unconstitutional.  *See, e.g.*, ***Irvin v. State***, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex. App—Tyler Sept. 9, 2020, pet. filed) (mem. op., not designated for publication); ***Ovalle v. State***, 592 S.W.3d 615, 618 n.1 (Tex. App.—Dallas 2020, pet. filed); ***Simmons v. State***, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019, pet. filed); ***Johnson v. State***, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). However, the Court of Criminal Appeals has recently held that the pendency of an appeal stops the clock for the purposes of the time payment fee. ***Dulin v. State***, Nos. PD-0856-19, PD-0857-19, 2021 WL 1202400, at *4 (Tex. Crim. App. March 31, 2021).

Here, the judgment adjudicating guilt reflects that the trial court assessed $256.50 in court costs.  The judgment includes a document entitled "Order to Withdraw Funds," which states that Appellant incurred "court costs, fees, fines and/or restitution in the amount of $256.50."  The bill of costs itemizes the court costs imposed, which total $276.50 with $256.50 remaining.  The bill of costs includes a $15.00 "time payment" fee and includes a paragraph stating that a $15.00 fee will be assessed if any part of the court costs is paid on or after the 31st

---

[2] The Texas Legislature passed legislation, effective January 1, 2020, that transfers Texas Local Government Code, Section 133.103 to Texas Code of Criminal Procedure, Article 102.030 and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 Tex. Sess. Law Serv. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See **Ovalle v. State***, 592 S.W.3d 615, 617 n.1 (Tex. App.–Dallas 2020, pet. filed).

day after the judgment assessing the court costs is entered.[3] *But see* TEX. LOC. GOV'T CODE ANN. § 133.103(c), *redesignated as* TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020) (treasurer shall deposit ten percent of fees collected under this section in general fund of county or municipality for purpose of improving efficiency of administration of justice in county or municipality).

Because the pendency of an appeal stops the clock for purposes of the time payment fee, the assessment of the fee in Appellant's case is premature. *Dulin*, 2021 WL 1202400, at \*4. As a result, the fee should be struck in its entirety, without prejudice to them being assessed later if, more than 30 days after the issuance of our mandate, Appellant has failed to completely pay any fine, court costs, or restitution that he owes.[4] *Id.* We sustain this portion of Appellant's sole issue.

## Specialty Court Fee

Appellant further urges that the trial court erred when it imposed the "specialty court" fee in its bill of costs. The State not only concedes that this fee was erroneously assessed but further states that the "Local Consolidated Fee on Conviction of Felony" as a whole should not have been assessed. We agree.

The date of Appellant's charged offense is March 6, 2019. The Local Consolidated Fee on Conviction of Felony only applies to defendants who are convicted of offenses committed on or after January 1, 2020. TEX. LOC. GOV'T CODE ANN. § 134.101 (West Supp. 2020). Section 134.101 assesses an additional $105 fee for persons convicted of felonies. *Id.* § 134.101(a). That $105 fee is to be allocated to the following specific accounts and funds: the clerk of the court account, the county records management and preservation fund, the county jury fund, the courthouse security fund, the county and district court technology fund, and the county specialty court account. *Id.* § 134.101(b).

---

[3] It appears the trial court improperly assessed the new $15.00 time payment fee instead of the $25.00 payment fee applicable to Appellant's case. *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, §§ 2.54, 5.01, 2019 Tex. Sess. Law Serv. Ch. 1352; TEX. CODE CRIM. PROC. ANN. art. 102.030 (West Supp. 2020).

[4] The United States Supreme Court and the Texas Court of Criminal Appeals have recognized the desirability of avoiding the adjudication of constitutional issues when at all possible. *Clinton v. Jones*, 520 U.S. 681,690, 117 S. Ct. 1636, 137 L. Ed. 2d 945 (1997); *Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006). Whether the time payment fee will be reimposed later is speculative at this point because Applicant could avoid the statutory conditions for imposing the fee by choosing to pay his monetary obligations on time. And there is an available statutory remedy to challenge the time payment fee, if it is ever imposed. *See* TEX. CODE CRIM. PROC. ANN.; *see also Dulin*, 2021 WL 1202400, at \*4 n.29.

The bill of costs in Appellant's case includes the following costs as enumerated in Section 134.101: $40.00 Clerk of the Court, $4.00 County and District Court Technology Fund, $1.00 County Jury Fund, $25.00 County Records Management and Preservation, $25.00 County Specialty Court Account, and $10.00 Courthouse Security Fund. These total $105 in fees. Per the statute's effective date, Appellant is not obligated to pay the Local Consolidated Fee on Conviction of Felony. Accordingly, we will modify the trial court's judgment and Order to Withdraw Funds to delete these fees. *See Sturdivant*, 445 S.W.3d at 443; *Ovalle*, 592 S.W.3d at 618. This portion of Appellant's sole issue is sustained.

## DISPOSITION

Having sustained Appellant's sole issue, we modify the trial court's judgment, along with its attached order to withdraw funds, to reflect that Appellant's court costs are $136.50 by deleting the local consolidated fee on conviction of felony and by deleting the time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay fine, court costs, or restitution he owes. We *affirm* the judgment *as modified.*

**BRIAN HOYLE**
Justice

Opinion delivered April 14, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 14, 2021**

**NO. 12-20-00222-CR**

**DANNY LOYD HAYES, II,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1328-19)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant's court costs are $136.50 by deleting the local consolidated fee on conviction of felony and by deleting the time payment fee, without prejudice to it being assessed later, if more than thirty days after the issuance of our mandate, Appellant fails to completely pay fine, court costs, or restitution he owes.; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*