**Affirmed as Modified and Memorandum Opinion filed October 21, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00273-CR

## DEVLON DEAQUEL JOHNSON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 264th District Court
Bell County, Texas
Trial Court Cause No. 77226**

## MEMORANDUM OPINION

This case returns to us on remand from the Court of Criminal Appeals. On original submission, appellant Devlon Deaquel Johnson challenged the facial constitutionality of several court costs assessed following his guilty plea to a charge of drug possession and resulting conviction and sentence. We overruled appellant's challenges, save one. *See generally Johnson v. State*, 573 S.W.3d 328 (Tex. App.—Houston [14th Dist.] 2019) ("*Johnson I*"), *rev'd*, *Johnson v. State*, No. PD-0246-19, 2021 WL 1939984 (Tex. Crim. App. May 12, 2021) (per

curiam). We held that 90% of the "time payment fee" was facially unconstitutional, and we deleted the respective portion from the costs owed by appellant. *Johnson I*, 573 S.W.3d at 339-40 (analyzing Tex. Loc. Gov't Code § 133.103).[1] The State of Texas appealed to the Court of Criminal Appeals, which vacated our judgment and remanded the cause for reconsideration in light of *Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021). Having reconsidered, we modify the judgment to delete the time payment fee from appellant's assessment of costs and affirm the judgment as modified, while expressing no opinion as to the constitutionality of the time payment fee.

## Background

As noted in our prior opinion, the underlying facts are irrelevant to this appeal's disposition, so we do not recount them in any detail. After appellant pleaded guilty to the charge against him, the trial court sentenced appellant to eighteen months' confinement in state jail and assessed certain costs, including a $25 time payment fee. Appellant timely appealed.

## Analysis

Among other matters raised in his first appellate issue, appellant challenged 90% of the $25 time payment fee that was assessed against him, arguing that it violated the separation of powers provision in the Texas Constitution. We sustained that part of his issue and modified the trial court's judgment to reduce the assessed court costs by $22.50 and, as modified, affirmed the judgment of

---

[1] The "time payment fee" may be assessed if a defendant pays any part of a fine, court cost, or restitution "on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." *See* Tex. Loc. Gov't Code § 133.103(a).

conviction.[2] *Johnson I*, 573 S.W.3d at 339-40, 341. The State appealed from *Johnson I*, arguing in its first ground that the time payment fee was prematurely assessed, thus obviating any need to analyze the fee's constitutionality.

After our opinion issued and while the State's petition for review was pending, the Court of Criminal Appeals decided another case involving a time payment fee. In *Dulin*, the State contended that the entirety of the time payment fee in that case must be struck from the defendant's costs because it was assessed prematurely. The Court of Criminal Appeals agreed, concluding that the time payment fee was assessed prematurely because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee. *See Dulin*, 620 S.W.3d at 129-30, 133.

Subsequently, the Court of Criminal Appeals granted review in this case on the State's first ground; cited its holding in *Dulin* that "the time payment fee was assessed prematurely because the pendency of appeal suspends the obligation to pay court costs"; vacated this court's judgment; and remanded the case to this court for proceedings consistent with its opinion. *See Johnson*, 2021 WL 1939984, at *1.

Following *Dulin*, we now modify appellant's judgment of conviction to strike the $25 time payment fee from the bill of costs. *See Dulin*, 620 S.W.3d at 133; *see also Lett v. State*, No. 03-19-00105-CR, 2021 WL 3354185, at *1 (Tex. App.—Austin Aug. 3, 2021, no pet. h.) (mem. op., not designated for publication) (following *Dulin* to strike the $25 time payment fee from defendant's costs); *Anderson v. State*, No. 14-19-00360-CR, 2021 WL 4203460, at *1 (Tex. App.—

---

[2] We overruled the remainder of appellant's first issue challenging other court costs. We also did not reach as moot appellant's second issue, in which he argued that the trial court's judgment omitted a statutorily required finding. *See Johnson I*, 573 S.W.3d at 341.

Houston [14th Dist.] Sept. 16, 2021, no pet. h.) (per curiam) (mem. op., not designated for publication) (same).[3]  We express no opinion as to the constitutionality of the time payment fee. *See Wells v. State*, No. 03-18-00675-CR, 2021 WL 3233855, at *1 (Tex. App.—Austin July 30, 2021, no pet. h.) (mem. op., not designated for publication) ("Following the directive from the Court of Criminal Appeals, we conclude that the $25 time payment fee should be struck from the judgment of conviction as prematurely assessed without reaching appellant's challenge to the constitutionality of 90% of the fee."); *see also Anderson*, 2021 WL 4203460, at *1.

## Conclusion

We modify the judgment and assessment of court costs as stated above and, as modified, affirm the trial court's judgment of conviction.  As directed in *Dulin*, the time payment fee is struck without prejudice to being assessed later if, more than thirty days after the issuance of the appellate mandate, appellant fails to completely pay any fine, court costs, or restitution that he owes.

/s/     Kevin Jewell
Justice

Panel consists of Justices Wise, Jewell, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] The Supreme Court of Texas transferred this case to our court from the Third Court of Appeals.  *See* Tex. Gov't Code § 73.001.  The Third and Fourteenth Courts of Appeals have issued consistent decisions when addressing *Dulin*.  *See* Tex. R. App. P. 41.3.

4