

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00366-CR
No. 02-19-00367-CR

———————————————————

DAVID LARSON, JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court Nos. F17-2556-211, F19-1660-211

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Appellant David Larson, Jr. filed timely notices of appeal from his convictions and sentences in two trial-court cause numbers: in trial-court cause number F17-2556-211 (this court's number 02-19-00366-CR), one count of continuous sexual abuse; and in trial-court cause number F19-1660-211 (this court's number 02-19-00367-CR), one count of indecency with a child and three counts of aggravated sexual assault of a child. *See* Tex. Penal Code Ann. §§ 21.02, 21.11, 22.021(a)(1)(B). On appeal, Larson challenges only the costs that the trial court imposed in the judgments. Because we sustain his two cost-related issues, we modify the judgments and incorporated bills of costs in both cases.

## I. PROCEDURAL BACKGROUND AND ISSUES

The trial court's judgments in each case do not list a specific amount of costs imposed; instead, under the heading "Court Costs," the judgments state "SEE BILL OF COST." The clerk's record in each case includes an amended bill of costs for $654, issued after Larson filed his notices of appeal. The $654 includes a $25 time-payment fee. In two issues on appeal, Larson contends that (1) costs should not have been imposed in trial-court cause number F19-1660-211 because all of the offenses were tried together and (2) $22.50 of the time-payment fee in trial-court cause number F17-2556-211 should be deleted as unconstitutional according to the Houston Fourteenth Court of Appeals's holding in *Johnson v. State*, 573 S.W.3d 328, 340 (Tex.

App.—Houston [14th Dist.] 2019), *judgment vacated*, No. PD-0246-19, 2021 WL 1939984, at *1 (Tex. Crim. App. May 12, 2021) (per curiam).

## II. DUPLICATE COSTS

The State concedes that the judgment in trial-court cause number F19-1660-211 should not have imposed costs, and we agree.[1] When a defendant is convicted of multiple offenses tried together—regardless of whether the offenses were committed in a single criminal episode—the trial court may assess costs and fees only once for "the highest category of offense that is possible based on the defendant's convictions." Tex. Code Crim. Proc. Ann. art. 102.073(a), (b). Because Larson was convicted of first-degree felony offenses in both trial-court cause numbers, we delete the costs from the judgment in number F19-1660-211 at his request.[2] *See id.*; *see also French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (noting that appellate court has authority to modify judgment "to make the record speak the truth"). We therefore sustain Larson's second issue.

---

[1]We must independently examine the merits of this issue because the State's concession is not conclusive. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002), *modified in part on other grounds sub silencio by Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

[2]The jury assessed a life sentence in trial-court cause number F17-2556-211 and consecutive fifty-year sentences for the aggravated sexual assaults in trial-court cause number F19-1660-211.

## III. TIME-PAYMENT FEE

We need not address the merits of Larson's complaint about the constitutionality of the time-payment fee in trial-court number F17-2556-211 because a recent Court of Criminal Appeals case compels us to delete the fee as prematurely assessed. In *Dulin v. State*, that court held that the former version of the time-payment fee statute,[3] applicable here, "was designed to be triggered by the finality of the judgment" and that "[t]he pendency of an appeal stops the clock for purposes of the time[-]payment fee." 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). In accordance with *Dulin*, we conclude that the time-payment fee should be deleted from the judgment and incorporated bill of costs in trial-court number F17-2556-211. We sustain Larson's first issue.

## IV. CONCLUSION

Having sustained both of Larson's issues, we modify the trial court's judgment and incorporated bill of costs in trial-court cause number F19-1660-211 to show court costs of $0. We further modify that judgment to correct the Penal Code reference for the aggravated-sexual-assault convictions to be "22.021" instead of "22.02." We

---

[3]Effective January 1, 2020, the Legislature partially repealed former Local Government Code Section 133.103 and redesignated the remaining parts as Code of Criminal Procedure Article 102.030. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, SB 346, §§ 2.54, 4.40(33), 5.04. The redesignated section applies only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date. *Id.* § 5.01. Because the continuous-sexual-abuse offense in this case was committed before January 1, 2020, the former law applies.

4

modify the trial court's judgment and incorporated bill of costs in trial-court cause number F17-2556-211 to delete the $25 time-payment fee, without prejudice to later assessment of that fee if, more than thirty days after the appellate mandate issues, Larson has failed to completely pay any of the court costs imposed in that cause number. *See id.* We affirm both judgments as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 17, 2021