# NO. 12-21-00014-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT KINSEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Robert Kinsey appeals the trial court's judgment revoking his community supervision.  In his sole issue, Appellant contends the assessment of "two fees related to Time Payment" in the bill of costs is both unconstitutional and premature.  We modify and affirm as modified.

## BACKGROUND

In April 2018, Appellant was charged with sexual assault. Appellant pleaded guilty pursuant to a plea bargain agreement.  The trial court found the evidence sufficient to find Appellant guilty, but the trial court deferred further proceedings and placed Appellant on community supervision for ten years.  The State subsequently filed a motion to adjudicate guilt, alleging that Appellant violated the terms and conditions of his community supervision. Appellant pleaded "true" to the allegations in the State's first amended motion to adjudicate.  The trial court found that Appellant violated the terms and conditions of his community supervision, adjudicated Appellant guilty, and sentenced him to twelve years of imprisonment.  This appeal followed.

## ASSESSMENT OF TIME PAYMENT FEES

In his sole issue, Appellant argues that the assessment of a $25 time payment fee and an additional time payment fee of $15 in the bill of costs pursuant to former Section 133.103 of the

Texas Local Government Code[1] is both facially unconstitutional and premature. The State filed a letter brief, in which it asserts that assessment of the fee is constitutional, but the State concedes that the time payment fee was prematurely assessed and joins Appellant's request that this Court delete the time payment fee.

Several intermediate appellate courts, including this Court, have held subsections (b) and (d) of Section 133.033 unconstitutional. *See, e.g., Irvin v. State*, No. 12-19-00347-CR, 2020 WL 5406276, at *7 (Tex. App.—Tyler Sept. 9, 2020) (mem. op., not designated for publication), *vacated on other grounds and remanded*, No. PD-0959-20, 2021 WL 1940593 (Tex. Crim. App. May 12, 2021); *Ovalle v. State*, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020), *vacated on other grounds and remanded*, No. PD-0127-20, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021); *Simmons v. State*, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019), *vacated on other grounds and remanded*, No. PD-1264-19, 2021 WL 1938758 (Tex. Crim. App. May 12, 2021); *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019), *vacated on other grounds and remanded*, No. PD-0246-19, 2021 WL 1939984 (Tex. Crim. App. May 12, 2021). However, the Court of Criminal Appeals has held that the pendency of an appeal stops the clock for purposes of the time payment fee. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021).

In its oral pronouncement of sentence, the trial court noted that Appellant would be responsible for "any unpaid taxable court costs." However, the face of the judgment adjudicating guilt does not reflect that the trial court assessed court costs. Rather, the judgment states that court costs are "$0.00[.]" The bill of costs states that Appellant owes costs in the amount of $536. The bill of costs includes a time payment fee of $25.00, and there is a notation below the list of currently owed fees that "[a]n additional time payment fee of $15.00 will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31st day after the date the judgment assessing the fine, court costs or restitution is entered."

---

[1] The Texas Legislature passed legislation that transfers Section 133.103 to Article 102.030 of the Texas Code of Criminal Procedure and revises the statute to provide that all of the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54, 2019 TEX. SESS. LAW SERV. Ch. 1352. The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *See Ovalle v. State*, 592 S.W.615, 617 n.1 (Tex. App.—Dallas 2020), *vacated on other grounds and remanded*, No. PD-0127-20, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021).

Because the pendency of an appeal stops the clock for purposes of the time payment fee, the assessment of the $25 time payment fee in Appellant's case is premature. *See **Dulin***, 620 S.W.3d at 133. Therefore, the fee should be struck in its entirety, without prejudice to the fee being assessed later if, more than thirty days after the issuance of our mandate, Appellant has failed to completely pay any fine, court costs, or restitution that he owes.[2] Accordingly, we strike the $25 time payment fee from the bill of costs. *See **id***.

Although neither Appellant nor the State complains about the recitation in the judgment that Appellant owes zero court costs, we have the authority to sua sponte modify a judgment to make the record speak the truth when we have the necessary information to do so. ***Ingram v. State***, 261 S.W.3d 749, 754 (Tex. App.—Tyler 2008, no pet.); ***Davis v. State***, 323 S.W.3d 190, 198 (Tex. App.—Dallas 2008, pet. ref'd); ***Asberry v. State***, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."); *see* TEX. R. APP. P. 43.2(b). We therefore modify both the judgment and the bill of costs to reflect that Appellant owes court costs in the amount of $511 ($536 originally assessed in the bill of costs minus the prematurely assessed $25 time payment fee). With respect to the potential additional $15 time payment fee, although the bill of costs states that said fee could be assessed, the record does not show that it was assessed. Because the record does not show that the $15 additional time payment fee was assessed, we conclude that Appellant's argument regarding the $15 fee is without merit, and we overrule that portion of issue one.

<u>DISPOSITION</u>

Having sustained Appellant's issue as to the $25 time payment fee, we ***modify*** the bill of costs by striking the $25 time payment fee, without prejudice to it being assessed later if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay the fine, court

---

[2] The United States Supreme Court and the Texas Court of Criminal Appeals have recognized the desirability of avoiding the adjudication of constitutional issues when at all possible. ***Clinton v. Jones***, 520 U.S. 681, 690, 117 S. Ct. 1636, 137 L.Ed.2d 945 (1997); ***Pena v. State***, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006). Whether the time payment fee will be re-imposed later is purely speculative at this point because Appellant could avoid the statutory conditions for imposing the fee by choosing to timely pay his monetary obligations, and there is a statutory remedy available to challenge the time payment fee if it is imposed. *See* TEX. CODE CRIM. PROC. ANN. art. 103.008(a) (West 2018); ***Dulin***, 620 S.W.3d at 133 n.29.

costs, or restitution he owes.  We also ***modify*** the trial court's judgment to reflect that Appellant owes court costs in the amount of $511. We ***affirm*** the judgment ***as modified***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 15, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 15, 2021**

**NO. 12-21-00014-CR**

**ROBERT KINSEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0375-18)

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that the judgment of the court below should be modified and as modified, affirmed.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that Appellant owes court costs in the amount of $511 and we **modify** the bill of costs by striking the $25 time payment fee, without prejudice to it being assessed later if, more than thirty days after the issuance of our mandate, Appellant fails to completely pay the fine, court costs, or restitution he owes; in all other respects the judgment of the trial court is **affirmed**; and that this decision be certified to the court below for observance.

James. T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*